1  Gerald E. Hawxhurst (Bar No. 220327)
   Diyari Vazquez (Bar No. 222461)
2  BAKER MARQUART CRONE & HAWXHURST LLP
   10990 Wilshire Boulevard, Fourth Floor
3  Los Angeles, California 90024
   Telephone:  (424) 652-7800
4  Facsimile:   (424) 652-7850
   Email: jhawxhurst@bmchlaw.com
5         dvazquez@bmchlaw.com

6  Attorneys for Defendants
   The American Bottling Company (sued erroneously as American Bottling Company),
7  for itself and as successor by merger to Cadbury Schweppes Bottling Group, Inc.
   (sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling
8  Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling
   Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued
9  erroneously as Dr. Pepper Snapple Group)
   (Nominal defendant Cadbury Schweppes Holdings, Inc. is a defunct entity)

10

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14

15  ROBERT M. WARD, ROBERT E.          Case No.: CV09-03279 VBF (CWx)
    JONES, JOSE M. VALADEZ,
16  LEONARD TALTON, GARY
    SUHAY, and ALFONSO W.              DEFENDANTS' NOTICE AND
17  JANUARY, each an individual,       PETITION OF REMOVAL OF
                                       ACTION TO FEDERAL COURT
18        Plaintiffs,

19        vs.                          [Diversity Jurisdiction, 28 U.S.C.
                                       § 1332]
20  CADBURY SCHWEPPES BOTTLING
    GROUP, a business entity, from     [FILED CONCURRENTLY
21  unknown; CADBURY SCHWEPPES         HEREWITH:  NOTICE AND
    HOLDINGS INC., a business entity,  CERTIFICATE OF SERVICE OF
22  form unknown; 7-UP/RC BOTTLING     NOTICE TO ADVERSE PARTY AND
    COMPANY OF SOUTHERN                STATE COURT OF REMOVAL OF
23  CALIFORNIA, a business entity, form ACTION TO FEDERAL COURT;
    unknown; DR. PEPPER SNAPPLE        RULE 7.1 DISCLOSURE; LR 7.1-1
24  GROUP, a business entity, form     NOTICE OF INTERESTED PARTIES;
    unknown; AMERICAN BOTTLING         DECLARATION OF WILLIAM
25  COMPANY, a business entity, exact  MICHAEL NELSON'
    unknown; and DOES 1-100, inclusive, DECLARATION OF JACK
26                                     SAATJIAN]
          Defendants.
27

28

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES,

2   AND THEIR ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE that defendants The American Bottling Company

4   (sued erroneously as American Bottling Company), for itself and as successor in

5   interest to nominal defendant Cadbury Schweppes Bottling Group, Inc. (sued

6   erroneously as Cadbury Schweppes Bottling Group) and nominal defendant Seven-

7   Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC

8   Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued

9   erroneously as Dr. Pepper Snapple Group) (collectively, "Defendants"), hereby

10  remove this action to the United States District Court for the Central District of

11  California, and in support thereof, respectfully show the Court as follows:

12  ## STATEMENT OF THE CASE

13  Plaintiffs Robert M. Ward, Robert E. Jones, Jose M. Valadez, Leonard Talton,

14  Gary Suhay and Alfonso W. January (collectively "Plaintiffs") are all individuals

15  residing in California. See Compl. ¶ 1. Plaintiffs claim that Defendants

16  discriminated against them on the basis of their age. See Compl. ¶¶ 8,15. In addition

17  to their age discrimination allegations, Plaintiffs Valadez and Talton claim that they

18  were discriminated against due to their alleged disabilities because Defendants failed

19  to provide them with reasonable accommodations. See Compl. ¶¶ 21-26, 30.

20  Plaintiffs bring causes of action for age discrimination, retaliation, constructive

21  termination and disability discrimination in violation of California's Fair

22  Employment and Housing Act. Plaintiffs seek damages for past and future lost

23  employment income and benefits, past and future medical costs and services, pain

24  and suffering, exacerbation and worsening of their medical conditions and injuries,

25  attorneys' fees, and punitive damages. See Compl. Prayer for Relief.

26  This action, which was filed on March 19, 2009 and served on April 9, 2009 is

27  removable under 28 U.S.C. § 1332. Defendants have satisfied all of the procedural

28  requirements of 28 U.S.C. § 1446 and thereby remove this action to the United States

1   District Court for the Central District of California pursuant to 28 U.S.C. § 1332. All

2   Defendants in existence at this time join in this removal.

<div align="center">

### THE REQUIREMENTS FOR REMOVAL

### UNDER 28 U.S.C. § 1332(a) ARE SATISFIED

</div>

5   The requirements for removal under 28 U.S.C. § 1332(a) are satisfied here.

6   **A.    Complete Diversity of Citizenship Exists Between The**

7   **Plaintiffs and Defendants**

8   As of the date of this notice, plaintiff Robert M. Ward was and is a resident and

9   citizen of California. See Compl. ¶ 1. As of the date of this notice, plaintiff Robert

10  E. Jones was and is a resident and citizen of California. See Compl. ¶ 1. As of the

11  date of this notice, plaintiff Jose M. Valadez was and is a resident and citizen of

12  California. See Compl. ¶ 1. As of the date of this notice, plaintiff Leonard Talton

13  was and is a resident and citizen of California. See Compl. ¶ 1. As of the date of this

14  notice, plaintiff Gary Suhay was and is a resident and citizen of California. See

15  Compl. ¶ 1. As of the date of this notice, plaintiff Alfonso W. January was and is a

16  resident and citizen of California. See Compl. ¶ 1. As of the date of this notice, the

17  Plaintiffs are all citizens of California.

18  Defendants, on the other hand, are not citizens of California within the

19  meaning of 28 U.S.C. § 1332(a). Defendant The American Bottling Company (sued

20  erroneously as American Bottling Company) is a Delaware corporation with its

21  principal place of business in Texas. See Nelson Decl. ¶ 4. Defendant Dr Pepper

22  Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group) was and is a

23  Delaware corporation that maintains its principal place of business in Texas. See

24  Nelson Decl. ¶ 7.

25  Nominal defendant Seven-UP/RC Bottling Company of Southern California

26  (sued erroneously as 7-UP/RC Bottling Company of Southern California), having

27  been merged into The American Bottling Company, is a defunct corporation that was

28  incorporated in Delaware and formerly had its principal place of business in Texas.

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax (424) 652-7850

NOTICE OF REMOVAL

1   See Nelson Decl. ¶ 6. Nominal defendant Cadbury Schweppes Bottling Group, Inc.

2   (sued erroneously as Cadbury Schweppes Bottling Group), having been merged into

3   The American Bottling Company, is a defunct corporation that was incorporated in

4   Delaware and formerly had its principal place of business in Texas. See Nelson Decl.

5   ¶ 8. And nominal defendant Cadbury Schweppes Holdings Inc. is a defunct

6   corporation that was incorporated in Delaware and formerly had its principal place of

7   business in Texas. See Nelson Decl. ¶ 9. For purposes of removal, the citizenship of

8   defendants sued under fictitious names is disregarded. See 28 U.S.C. § 1441(a).

9       Each of the Defendants was and is a citizen of Delaware and Texas for

10   diversity purposes. Diversity jurisdiction therefore exists here because Plaintiffs are

11   citizens of California and Defendants are not.

12       **B.**     **The Amount in Controversy Requirement Is Also Satisfied**

13       The amount in controversy exceeds $75,000, exclusive of interest and costs.

14   As explained above, each Plaintiff seeks the following relief: compensatory damages

15   for past and future lost employment income and benefits, punitive damages, past and

16   future medical costs and services, pain and suffering, damages for exacerbation and

17   worsening of medical conditions and injuries, and attorneys' fees. See Compl. Prayer

18   for Relief. Based on their own allegations and relief requested (which Defendants

19   deny), the amount in controversy exceeds $75,000, exclusive of interest and costs.

20       Robert M. Ward. Plaintiff Robert M. Ward was employed with The

21   American Bottling Company ("American") until November 5, 2007 when he

22   voluntarily resigned. See Saatjian Decl. ¶ 2. The last day that Ward worked was July

23   16, 2007, at which time he went on an unpaid medical leave. Id. At the time of

24   Ward's resignation, he was compensated at a rate of $66,756 per year. Id.

25       Based on his own allegations (which Defendants deny), the amount in

26   controversy with respect to Ward's alleged claims against Defendants for past wages

27   is at least $100,134.00 ($66,756.00 x 1.5 years since Ward's resignation). In addition

28   to his past wages claims, Ward claims loss of future wages, pain and suffering,

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax (424) 652-7850

      NOTICE OF REMOVAL

1 exacerbation and worsening of his medical conditions and injuries, punitive damages
2 and attorneys' fees.  Again, although Defendants deny them, all of Ward's claims for
3 relief may be included in the calculation of the amount in controversy.  Based on his
4 own allegations, the amount in controversy with respect to Ward's claims exceeds the
5 required $75,000.[1]  See Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1155-56 (9th
6 Cir. 1998) (attorneys' fees included in amount in controversy calculation); see also
7 Surber v. Reliance Nat. Indem. Co., 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000)
8 (punitive damages included in amount in controversy calculation).

9     Robert E. Jones.  Plaintiff Robert E. Jones is an employee of American.  See
10 Saatjian Decl. ¶ 3.  Jones is currently paid at a rate of $18.92 per hour ($39,353.60
11 per year).  Jones makes a claim for loss of past and future wages.  Based on his own
12 allegations (which Defendants deny), and given Jones' yearly compensation, the
13 amount in controversy is met by Jones' wage claim if he were to recover less than
14 two years of the future compensation that he seeks ($39,353.60 x 2 years =
15 $78,707.24).[2]  In addition to his past and future wages claims, Jones also prays for
16 damages based on pain and suffering, exacerbation and worsening of his medical
17 condition and injuries, punitive damages and attorneys' fees.  Again, Defendants
18 deny Jones' allegations, but all of his claims for relief may be included in the
19 calculation of the amount in controversy.  Based on his own allegations, the amount
20 in controversy with respect to Jones' claims exceeds $75,000, exclusive of interest
21 and costs.  See Galt G/S, 142 F.3d at 1155-56; see also Surber, 110 F. Supp. 2d at
22 1231.

23     Jose M. Valadez.  Plaintiff Jose M. Valadez is an employee of American.  See

---

[1]     Defendants provide these calculations to the Court for purposes of establishing that the amount in controversy exceeds the minimum jurisdictional amount.  The inclusion of these estimated figures is based on Plaintiffs' allegations—which Defendants deny but which are credited for purposes of removal—and should in no way be construed as an admission of liability or an admission that Defendants owe Plaintiffs any money.

[2]     The Federal Workers' Compensation Act defines "retirement age" as 66 years old.  See 42 U.S.C. § 416(l)(1)(C).

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1 Saatjian Decl. ¶ 4. On April 10, 2008, Valadez went on an unpaid leave of absence

2 as a result of a worker's compensation claim. Id. Valadez returned to work at

3 American on April 6, 2009. Id. Mr. Valadez is compensated at the rate of $18.54 per

4 hour ($38,563.20 per year). Id.

5      Based on his own allegations (which Defendants deny), the amount in

6 controversy with respect to Valadez's potential claims against Defendants for past

7 wages is at least $38,563.20 given that he was absent from work for just under a year.

8 Valadez also makes a claim for loss of future wages. The amount in controversy is

9 met by Valadez's wage claim if he were to recover two years future wages

10 ($38,563.20 (for past wages) + $77,126.40 (two years future wages) = $115,689.60).

11      In addition to his past and future wages claims, Valadez also prays for damages

12 based on pain and suffering, exacerbation and worsening of his medical conditions

13 and injuries, punitive damages and attorneys' fees. All these claims for relief may be

14 included in the calculation of the amount in controversy. Based on his own

15 allegations, the amount in controversy with respect to Valadez's claims exceeds

16 $75,000, exclusive of interest and costs. See Galt G/S, 142 F.3d at 1155-56; see also

17 Surber, 110 F. Supp. 2d at 1231.

18      Leonard Talton. Plaintiff Leonard Talton is an employee of American. See

19 Saatjian Decl. ¶ 5. On February 15, 2008, Mr. Talton went on an unpaid leave of

20 absence as a result of a worker's compensation claim. See Saatjian Decl. ¶ 5. Talton

21 has not returned to work at American. Id. At the time that Talton's leave

22 commenced, he was paid at the rate of $18.54 per hour ($38,563.20 per year). Id.

23      According to his own allegations (which Defendants deny), the amount in

24 controversy with respect to Talton's potential claims against Defendants for past

25 wages is at least $48,204.00 ($3,213.60 x 15 months since Talton went on leave).

26 Talton also makes a claim for loss of future wages. Based on his own allegations, the

27 minimum jurisdictional amount in controversy exceeds $75,000 if Talton were to

28 recover his past wages and one year's future wages ($48,204.00 (past wages) +

BAKER MARQUART CRONE & HAWKHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax (424) 652-7850

NOTICE OF REMOVAL

1  $38,563.20 (one year future wages) = $86,767.2).  In addition to his past and future

2  wages claims, Talton also prays for damages based on pain and suffering,

3  exacerbation and worsening of his medical conditions and injuries, punitive damages

4  and attorneys' fees.  Again, Defendants deny them, but all these claims for relief may

5  be included in the calculation of the amount in controversy.  Based on his own

6  allegations, the amount in controversy with respect to Talton's claims exceeds

7  $75,000, exclusive of interests and costs.  See Galt G/S, 142 F.3d at 1155-56; see also

8  Surber, 110 F. Supp. 2d at 1231.

9       Gary Suhay.  Plaintiff Gary Suhay is an employee of American.  See

10  Saatjian Decl. ¶ 6.  On August 25, 2008, Suhay went on an unpaid leave of absence

11  as a result of a worker's compensation claim.  Id.  Mr. Suhay returned to work at

12  American on December 29, 2008.  Id.  Mr. Suhay's is paid at the rate of $19.52 per

13  hour ($40,601.60 per year).  Id.

14       Based on his own allegations (which Defendants deny), the amount in

15  controversy with respect to Suhay's potential claims against Defendants for past

16  wages is at least $12,486.40 ($19.52 x 40 hours per week x 4 months that Suhay was

17  out on leave), exclusive of overtime.  Suhay also makes a claim for loss of future

18  wages.  The minimum jurisdictional amount in controversy is met if Suhay were to

19  recover on his past wages claim and just 2 years of the future wages sought by him

20  ($12,486.40 (past wages) + $81,203.20 ($40,601.60 x 2 years future wages) =

21  $93,689.60).  In addition to his past and future wages claims, Suhay also prays for

22  damages based on pain and suffering, exacerbation and worsening of his medical

23  conditions and injuries, punitive damages and attorneys' fees.  Although Defendants

24  deny them, these claims for relief may be included in the calculation of the amount in

25  controversy.  Based on his own allegations, the amount in controversy with respect to

26  Suhay's claims exceeds $75,000, exclusive of interest and costs.  See Galt G/S, 142

27  F.3d at 1155-56; see also Surber, 110 F. Supp. 2d at 1231.

28

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

NOTICE OF REMOVAL

1        Alfonso January. Plaintiff Alfonso January is an employee of American. See

2    Saatjian Decl. ¶ 7. On February 25, 2008, January went out on an unpaid leave of

3    absence. Id. January has not returned to work. At the time he went on leave,

4    January was paid at the rate of $19.52 per hour ($40,601.60 per year). Id.

5        The amount in controversy with respect to January's potential claims against

6    Defendants for past wages is at least $50,752.00 ($3,383.47 x 15 months since

7    January went out on leave). January also makes a claim for loss of future wages. If

8    January were to recover on his past wage claim and one year on his future wage

9    claim, the minimum jurisdictional amount in controversy is met ($50,752.00 (past

10   wages) + $40,601.60 (one year future wages) = $91,353.60). In addition to his past

11   and future wages claims, January also prays for damages based on pain and suffering,

12   exacerbation and worsening of his medical conditions and injuries, punitive damages

13   and attorneys' fees. Again, Defendants deny them, but all these claims for relief may

14   be included in the calculation of the amount in controversy. The amount in

15   controversy with respect to January's claims exceeds $75,000, exclusive of interest

16   and costs. See Galt G/S, 142 F.3d at 1155-56; see also Surber, 110 F. Supp. 2d at

17   1231.

18       As demonstrated above, crediting their wage claims (which must be done for

19   purposes of determining removal jurisdiction), the amount in controversy for each

20   Plaintiff exceeds $75,000, exclusive of interest and costs. Furthermore, even if only

21   one of the Plaintiffs' claims exceeds the $75,000 requirement, this Court would have

22   supplemental jurisdiction over the claims of all of the other Plaintiffs (even if their

23   claims did not exceed $75,000).[3] See Exxon Mobil Corp. v. Allapattah Svcs., Inc.,

24   545 U.S. 546, 559 (2005) ("supplemental jurisdiction statute permits exercise of

25   diversity jurisdiction over additional plaintiffs who fail to satisfy minimum amount-

26

27   [3]   As an example, if the Court were to only consider Ward's claim for past
     compensation (which exceeds $75,000), the Court would have supplemental
28   jurisdiction over all the other Plaintiffs' claims—even if they did not exceed the
     amount in controversy requirement.

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel (424) 652-7800 • Fax: (424) 652-7850

NOTICE OF REMOVAL

1  in-controversy requirement, as long as other elements of diversity jurisdiction are

2  present and at least one named plaintiff satisfies amount-in-controversy

3  requirement"). Finally, because Plaintiffs allege that Defendants are jointly liable as

4  the agents of each other, see Compl. ¶ 6, the amount in controversy applies equally as

5  to each Defendant. As shown above, crediting Plaintiffs' allegations for purposes of

6  removal only, the minimum jurisdictional requirement is met and the removal of this

7  action is proper.

8  **C.    Removal Is Timely**

9        This removal notice is timely filed as required by 28 U.S.C. § 1446(b).

10  Defendants were served with the Complaint on or about April 9, 2009 and they are

11  filing this notice within thirty days after service of the Complaint.

12  **D.    All Procedural Requisites for Removal Are Satisfied**

13        Defendants have complied and will comply with 28 U.S.C. §§ 1446(a) and (d).

14  As required by 28 U.S.C. § 1446(a), this notice of removal is accompanied by a true

15  and correct copy of all process, pleadings, orders, and other papers on file in state

16  court or served on the parties in state court. All of the pleadings and other documents

17  on file in the state court or served on Defendants are compiled as Exhibit 1 attached

18  hereto. Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of

19  this notice of removal attached thereto, will be filed promptly with the clerk of the

20  Superior Court of the State of California, County of Los Angeles, Central District,

21  Case No. BC410112, and Defendants will promptly serve a notice of filing of

22  removal, with a copy of this notice of removal attached thereto, on Plaintiffs'

23  attorneys. A copy of the notice and the certificate of service of the notice to Plaintiffs

24  and the Superior Court of the State of California, County of Los Angeles, Central

25  District, are filed concurrently herewith. The requirements for diversity jurisdiction

26  under 28 U.S.C. § 1446 are therefore satisfied.

27  **CONCLUSION**

28        By this notice, Defendants do not waive any objections that they may have to

BAKER MARQUART CRONE & HAWKHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel. (424) 652-7800 • Fax (424) 652-7850

1   service, jurisdiction, venue, or any other defenses or objections to this action.

2   Defendants intend no admission of fact, law, or liability by this notice, and reserve all

3   defenses, motions, and pleas.  Defendants pray that this action be removed to this

4   Court for determination; that all further proceedings in the state court suit be stayed;

5   and that Defendants obtain all additional relief to which they are entitled.

DATED: May 8, 2009

BAKER MARQUART
CRONE & HAWXHURST LLP

By _Gerald C. Hawxhurst_ on

Gerald E. Hawxhurst
Attorneys for Defendants
The American Bottling Company (sued
erroneously as American Bottling
Company), for itself and as successor in
interest by merger to Cadbury Schweppes
Bottling Group, Inc. (sued erroneously as
Cadbury Schweppes Bottling Group) and
Seven-Up/RC Bottling Company of
Southern California, Inc. (sued erroneously
as 7-UP/RC Bottling Company of Southern
California), and Dr Pepper Snapple Group,
Inc. (sued erroneously as Dr. Pepper
Snapple Group)

<div style="text-align:left; writing-mode: vertical">BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850</div>

- 9 -

NOTICE OF REMOVAL

# Exhibit A

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 07 2009

John A. Clarke, Executive Officer/Clerk

BY _____ Deputy
NANCY ALVAREZ

1  Gerald E. Hawxhurst (Bar No. 220327)
   Diyari Vazquez (Bar No. 222461)
2  BAKER MARQUART CRONE & HAWXHURST LLP
   10990 Wilshire Boulevard, Fourth Floor
3  Los Angeles, California 90024
   Telephone:  (424) 652-7800
4  Facsimile:  (424) 652-7850
   Email: jhawxhurst@bmchlaw.com
5

6  Attorneys for Defendants
   The American Bottling Company (sued erroneously as American Bottling Company),
7  for itself and as successor in interest by merger to Cadbury Schweppes Bottling Group
   and Seven-Up/RC Bottling Company of Southern California, Inc.
8  (sued erroneously as 7-UP/RC Bottling Company of Southern California), and
   Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group)
9  (Nominal defendant Cadbury Schweppes Holdings, Inc. is a defunct entity)

10

11           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

12               FOR THE COUNTY OF LOS ANGELES

13                                                    FILED BY FAX

14  ROBERT M. WARD, ROBERT E. JONES,      Case No.: BC410112
    JOSE M. VALADEZ, LEONARD TALTON,
15  GARY SUHAY, and ALFONSO W.            Assigned For All Purposes to the
    JANUARY, each an individual,          Honorable Kenneth R. Freeman, Dept. 64
16
         Plaintiffs,                       DEFENDANTS' ANSWER TO
17                                         COMPLAINT AND AFFIRMATIVE
         vs.                               DEFENSES
18
    CADBURY SCHWEPPES BOTTLING
19  GROUP, a business entity, from unknown;   Filing Date:  March 19, 2009
    CADBURY SCHWEPPES HOLDINGS INC.,         Trial Date:  None Set
20  a business entity, form unknown; 7-UP/RC
    BOTTLING COMPANY OF SOUTHERN
21  CALIFORNIA, a business entity, form
    unknown; DR. PEPPER SNAPPLE GROUP, a
22  business entity, form unknown; AMERICAN
    BOTTLING COMPANY, a business entity,
23  exact unknown; and DOES 1-100, inclusive,

24       Defendants.

25

26

27

28

                                              ANSWER TO COMPLAINT

EXHIBIT A  PAGE 10

1    Defendants The American Bottling Company (sued erroneously as American Bottling

2    Company), for itself and as successor in interest by merger to Cadbury Schweppes Bottling Group

3    and Seven-Up/RC Bottling Company of Southern California, Inc (sued erroneously as 7-UP/RC

4    Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as

5    Dr. Pepper Snapple Group) (collectively, "Defendants"[1]) hereby submit their Answer to the

6    Complaint filed by Plaintiffs Robert M. Ward, Robert E. Jones, Jose M. Valadez, Leaonard Talton,

7    Gary Suhay, and Alfonso W. January (collectively, "Plaintiffs") as follows:

8

9                              **GENERAL DENIAL**

10       1.    Pursuant to <u>California Code of Civil Procedure</u> § 431.30(d), Defendants generally

11   and specifically deny each and every allegation set forth in the unverified Complaint, deny that

12   Plaintiffs have been damaged in the sum or sums alleged therein or in any sum whatsoever, and

13   deny that Plaintiffs are entitled to any relief whatsoever in this action. Defendants further demand

14   strict proof of each and every allegation of the Complaint.

15

16                         **AFFIRMATIVE DEFENSES**

17       Without assuming the burden of proof as to the following (other than any burden imposed

18   on them by law), Defendants further allege as follows:

19

20                    **FIRST AFFIRMATIVE DEFENSE**
                       **(Failure to State Cause of Action)**

21

22       Each of the purported causes of action set forth in the Complaint fails to state facts sufficient

23   to constitute a cause of action.

24   ///

25   ///

26   ///

27

28   _____
     [1] Cadbury Schweppes Holdings, Inc. is a defunct entity that no longer exists.

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 · Fax: (424) 652-7850

                                    - 1 -

                                                ANSWER TO COMPLAINT
                              EXHIBIT A   PAGE 11

1

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2

3    Plaintiffs are estopped from obtaining the relief sought by each of the purported causes of

4    action set forth in the Complaint.

5

6

## THIRD AFFIRMATIVE DEFENSE
### (Res Judicata)

7

8    All of Plaintiffs' claims are barred in whole or in part by the doctrine of *res judicata* because

9    they were previously litigated.

10

11

## FOURTH AFFIRMATIVE DEFENSE
### (Worker's Compensation Preemption)

12

13    All of Plaintiffs' claims are barred in whole or in part because they are preempted under the

14    California Worker's Compensation Act (Labor Code § 3200, *et.seq.*).

15

16

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

17

18    Plaintiffs have waived any right to obtain the relief sought by each of the purported causes

19    of action set forth in the Complaint.

20

21

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

22

23    Plaintiffs have failed to mitigate their damages, if any, with respect to each of the purported

24    causes of action set forth in the Complaint.

25    ///

26    ///

27    ///

28    ///

EXHIBIT ___A___ PAGE _12_   ANSWER TO COMPLAINT

BAKER MARQUART CRONE & HAWXHURST LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1

2

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

### SEVENTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

3    Each of the purported causes of action set forth in the Complaint, or the relief sought

4    pursuant thereto, is barred in whole or in part because Plaintiffs have unclean hands.

5

### EIGHTH AFFIRMATIVE DEFENSE
**(Laches)**

6

7

8    Each of the purported causes of action set forth in the Complaint is barred in whole or in

9    part by the doctrine of laches.

10

### NINTH AFFIRMATIVE DEFENSE
**(Material Breach)**

11

12

13    Each of the purported causes of action set forth in the Complaint is barred in whole or in

14    part because Plaintiffs substantially and materially breached their employment contracts.

15

### TENTH AFFIRMATIVE DEFENSE
**(Good Faith)**

16

17

18    Each of the purported causes of action set forth in the Complaint is barred in whole or in

19    part because Defendants acted in good faith, exercised reasonable care, and complied with any

20    duties owed to Plaintiffs with respect to matters alleged in the Complaint.

21

### ELEVENTH AFFIRMATIVE DEFENSE
**(Failure to Exhaust Administrative Remedies)**

22

23

24    Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to exhaust their

25    administrative remedies.

26    ///

27    ///

28    ///

- 3 -    ANSWER TO COMPLAINT

EXHIBIT __A__    PAGE __13__

## TWELFTH AFFIRMATIVE DEFENSE
### (Settlement/Release)

Plaintiffs' claims are barred in whole or in part because Plaintiffs are attempting to litigate matters that have been previously settled and released.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims, and each of them, are barred by the applicable statutes of limitation.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Business Justification)

All of Plaintiffs' claims are barred in whole or in part because Defendants at all times acted with reasonable business justification.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Contractual Dispute Resolution Procedures)

All of Plaintiffs' claims are barred in whole or in part because Plaintiffs' signed valid arbitration agreements.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Grievance Procedures)

All of Plaintiffs' claims are barred in whole or in part because Plaintiffs' failed to exhaust Defendants' internal grievance procedures.

///
///
///
///

- 4 -

ANSWER TO COMPLAINT

EXHIBIT __A__ PAGE __14__

1                 **SEVENTEENTH AFFIRMATIVE DEFENSE**

2                    **(After-Acquired Evidence)**

3         All of Plaintiffs' claims are barred in whole or in part under the doctrine of after-

4 acquired evidence.

5

6                  **EIGHTEENTH AFFIRMATIVE DEFENSE**

7                        **(Due Care)**

8         All of Plaintiffs' claims are barred in whole or in part because Defendants acted at all

9 times with due care.

10

11                  **NINETEENTH AFFIRMATIVE DEFENSE**

12               **(Justification and Privilege)**

13         All of Plaintiffs' claims are barred in whole or in part because Defendants' actions

14 were justified and/or privileged.

15

16                  **TWENTIETH AFFIRMATIVE DEFENSE**

17                     **(Comparative Fault)**

18         All of Plaintiffs claims are barred in whole or in part under the doctrine of

19 comparative fault.

20

21                **TWENTY-FIRST AFFIMATIVE DEFENSE**

22                  **(Speculative Damages)**

23         All of Plaintiff's claims are barred, in whole or in part, because the damages alleged

24 by Plaintiff are wholly speculative.

25                     **RESERVATION OF RIGHTS**

26         In addition, Defendants have not yet completed their investigation and discovery

27 regarding the Complaint and the claims asserted by Plaintiffs therein.  Accordingly, Defendants

28

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 · Fax (424) 652-7850

        ANSWER TO COMPLAINT

EXHIBIT __A__ PAGE __15__

1   reserve the right to assert additional affirmative defenses as may be necessary based on such

2   ongoing investigation and discovery.

3

4   <div align="center">**PRAYER**</div>

5

6        WHEREFORE, Defendants pray for judgment as follows:

7   1.   That Plaintiffs take nothing by reason of their Complaint;

8   2.   That judgment be entered in favor of Defendants on the Complaint;

9   3.   That the Court award Defendants their attorneys' fees and costs incurred in this

10   action; and

11   4.   That the Court award such other relief to Defendants as it may deem just and proper.

12

13   DATED: May 7, 2009

14                              BAKER MARQUART
    CRONE & HAWXHURST LLP

15

16                             By

17                              Gerald E. Hawxhurst
    Attorneys for Defendants

18                              The American Bottling Company (sued
    erroneously as American Bottling Company)

19                              (as **successor in interest by** merger **to** Cadbury
    Schweppes **Bottling** Group and Seven-Up/RC

20                              **Bottling Company of** Southern California, **Inc.**
    (sued erroneously as **7-UP/RC Bottling** Company

21                              of **Southern** California) **and**
    Dr Pepper **Snapple Group, Inc.** (sued erroneously

22                              as **Dr.** Pepper Snapple Group)

23

24

25

26

27

28

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA, 90024
Tel: (424) 652-7800 · Fax: (424) 652-7850

EXHIBIT ___A___ PAGE __V__

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is **10990 Wilshire Blvd., Suite 400, Los Angeles, California 90024.**

On May 7, 2009, I served true copies of the foregoing document described as:

**DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

on the parties in this action by delivering a true copy thereof enclosed in a sealed envelope addressed as follows:

**Michael F. Baltaxe, Esq.**
Timothy **B. Sottile,** Esq.
**Law Offices of Michael F. Baltaxe**
**31365 Oak Crest Drive**
**Suite 220**
**Westlake Village, CA 91361**

**BY REGULAR MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on May 7, 2009, at Los Angeles, California.

Marie Mondia

EXHIBIT ___A___ PAGE 17

1 | Michael F. Baltaxe, Esq.          SBN: 129 532
LAW OFFICES OF MICHAEL F. BALTAXE
2 | 31365 Oak Crest Drive, Suite 220
Westlake Village, California 91361
3 | Telephone: (818) 889-0050 Facsimile: (818) 889-6050

4 | Timothy B. Sottile, Esq.          SBN: 127 026
TIMOTHY B. SOTTILE, APLC
5 | 31365 Oak Crest Drive, Suite 220
Westlake Village, California 91361
6 | Telephone: (818) 889-0050 Facsimile: (818) 889-6050

7 | Attorneys for Plaintiffs, ROBERT M. WARD, ROBERT
E. JONES, JOSE M. VALADEZ, LEONARD TALTON,
8 | GARY SUHAY, and ALFONSO W. JANUARY

**FILED**
LOS ANGELES SUPERIOR COURT

APR 16 2009

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

9

10 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11 | FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12

13 | ROBERT M. WARD, ROBERT E. JONES,
JOSE M. VALADEZ, LEONARD TALTON,
GARY SUHAY, and ALFONSO W.
14 | JANUARY, each an individual,

Case No.:   **BC 410 112**

*[Assigned for all matters before Hon. Judge Kennethe Freeman, in Dept. 64]*

15 | Plaintiffs,

16 | v.

NOTICE OF SERVICE OF PROCESS OF
SUMMONS & COMPLAINT, CIVIL CASE
COVER SHEET, CIVIL CASE COVER
SHEET ADDENDUM AND STATEMENT
OF LOCATION, NOTICE OF CASE
ASSIGNMENT, DECLARATION UNDER
CCP §170.6 (PEREMPTORY
CHALLENGE); NOTICE OF CASE RE-
ASSIGNMENT, LASC-ADR
INFORMATION PACKET, AND BLANK
STIPULATION TO PARTICIPATE IN
ADR

17 | CADBURY SCHWEPPES BOTTLING
GROUP, a business entity, form unknown;
18 | CADBURY SCHWEPPES HOLDINGS
INC., a business entity, form unknown; 7-
19 | UP/RC BOTTLING COMPANY OF
SOUTHERN CALIFORNIA, a business
20 | entity, form unknown; DR. PEPPER
SNAPPLE GROUP, a business entity, form
21 | unknown; AMERICAN BOTTLING
COMPANY, a business entity, exact
22 | unknown; and DOES 1-100, inclusive,

Case Filed:   March 19, 2009
Department:   64

23 | Defendants.

24

25

26 |        PLEASE TAKE NOTICE that ALL defendants have each been served in this instant

27 | action, as stipulated thereto on the attached Proof(s) of Service.

28

Dated: April 15, 2009

LAW OFFICES OF MICHAEL F. BALTAXE
TIMOTHY B. SOTTILE, APLC

By: _____
    MICHAEL F. BALTAXE
    Attorneys for Plaintiffs



-2-

EXHIBIT A   PAGE 9

| Attorney or Party without Attorney: | | | | | For Court Use Only |
|---|---|---|---|---|---|
| TIMOTHY B **SOTTILE**, Bar #127026<br>TIMOTHY B. **SOTTILE**, A.P.L.C.<br>31365 Oak Crest Drive #220<br>Westlake Village, CA 91361<br>*Telephone No:* 818-889-0050      *FAX No:* 818-889-6050 | | | | | |

*Ref. No. or File No.:*

*Attorney for:* **Plaintiff**

*Insert name of Court, and Judicial District and Branch Court:*
LOS ANGELES SUPERIOR COURT - CENTRAL DISTRICT

*Plaintiff:* **WARD**

*Defendant:* **CADBURY**

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>BC410112 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS (AND) COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; DECLARATION UNDER C.C.P. 170.6 (PEREMPTORY CHALLENGE); MINUTES ENTERED; NE PROGRAM; ADR PACKAGE; DRPA CONTRACTORS; BLANK STIPULATION TO PARTICIPATE IN ADR;

3. *a. Party served:*          CADBURY SCHWEPPES BOTTLING GROUP
   *b. Person served:*        CYNTHIA LEON- AUTHORIZED TO ACCEPT party in item 3.a.

4. *Address where the party was served:*     1166 ARROYO AVENUE
                                              San Fernando, CA 91340

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Apr. 09, 2009 (2) at: 2:02PM
6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. *Person Who Served Papers:*                              *Recoverable Cost Per CCP 1033.5(a)(4)(B)*
   a. LEON SWARTZ                          d.  *The Fee for Service was:*   $25.00
   b. **TRI-COUNTY ATTORNEY SERVICE**     e.  I am: (3) registered California process server
      2219 THOUSAND OAKS BLVD #219              *(i)*  Owner
      Thousand Oaks, CA  91362                  *(ii) Registration No.:*     432
   c. 805-497-4300, FAX 805-497-4308            *(iii) County:*             Ventura

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Apr. 10, 2009

Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLAINT

(LEON SWARTZ)                25949.sott.28638

EXHIBIT  A  PAGE 20

| *Attorney or Party without Attorney:* | | | | | *For Court Use Only* |
|---|---|---|---|---|---|
| TIMOTHY B SOTTILE, Bar #127026 | | | | | |
| TIMOTHY B. SOTTILE, A.P.L.C. | | | | | |
| 31365 Oak Crest Drive #220 | | | | | |
| Westlake Village, CA 91361 | | | | | |
| *Telephone No:* 818-889-0050    *FAX No:* 818-889-6050 | | | | | |

*Ref. No. or File No.:*

*Attorney for:* **Plaintiff**

*Insert name of Court, and Judicial District and Branch Court:*

LOS ANGELES SUPERIOR COURT - **CENTRAL DISTRICT**

*Plaintiff:* **WARD**

*Defendant:* CADBURY

| **PROOF OF SERVICE**<br>SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>BC410112 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS (AND) COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; DECLARATION UNDER C.C.P. 170.6 (PEREMPTORY CHALLENGE); MINUTES ENTERED; NE PROGRAM; ADR PACKAGE; DRPA CONTRACTORS; BLANK STIPULATION TO PARTICIPATE IN ADR;

3. a. *Party served:*  CADBURY SCHWEPPES HOLDINGS, INC.
   b. *Person served:*  CYNTHIA LEON- AUTHORIZED TO ACCEPT party in item 3.a.

4. *Address where the party was served:*  1166 ARROYO AVENUE
   San Fernando, CA 91340

5. *I served the party:*
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Apr. 09, 2009 (2) at: 2:02PM

6. The "*Notice to the Person Served*" (on the Summons) was completed as follows:
   a. **as an individual defendant**

7. *Person Who Served Papers:*                                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. LEON  SWARTZ                                    d.  *The Fee for Service was:*    $25.00
   b. **TRI-COUNTY ATTORNEY SERVICE**      e.  I am: (3)  registered California process server
       2219 THOUSAND OAKS BLVD #219                    *(i)* Owner
       Thousand Oaks, CA 91362                         *(ii)* *Registration No.:*      432
   c. 805-497-4300, FAX 805-497-4308                   *(iii)* *County:*          Ventura

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Apr. 10, 2009

**Judicial Council Form POS-010**
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
SUMMONS & COMPLAINT

(LEON  SWARTZ)

25949.sou.28639

EXHIBIT _____ A _____ PAGE  21

| Attorney or Party without Attorney:<br>TIMOTHY B SOTTILE, Bar #127026<br>TIMOTHY B. SOTTILE, A.P.L.C.<br>31365 Oak Crest Drive #220<br>Westlake Village, CA 91361<br>Telephone No: 818-889-0050      FAX No: 818-889-6050 | For Court Use Only |
|---|---|

| Attorney for: Plaintiff | Ref. No. or File No.: |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT - CENTRAL DISTRICT

Plaintiff: WARD

Defendant: CADBURY

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC410112 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS (AND) COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; DECLARATION UNDER C.C.P. 170.6 (PEREMPTORY CHALLENGE); MINUTES ENTERED; NE PROGRAM; ADR PACKAGE; DRPA CONTRACTORS; BLANK STIPULATION TO PARTICIPATE IN ADR;

3. a. *Party served:*          7-UP/RC BOTTLING COMPANY OF SOUTHERN CALIFORNIA
   b. *Person served:*         CYNTHIA LEON- AUTHORIZED TO ACCEPT party in item 3.a.

4. *Address where the party was served:*     1166 ARROYO AVENUE
                                             San Fernando, CA 91340

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Apr. 09, 2009 (2) at: 2:02PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. **as an individual defendant**

7. *Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. LEON SWARTZ                              d.   *The Fee for Service was:*   $25.00
   **b. TRI-COUNTY ATTORNEY SERVICE**         e.   I am: (3)  registered California process server
   2219 THOUSAND OAKS BLVD #219                      (i)   Owner
   Thousand Oaks, CA 91362                           (ii)  *Registration No.:*    432
   c. 805-497-4300, FAX 805-497-4308                 (iii) *County:*             Ventura

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Apr. 10, 2009

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUMMONS & COMPLAINT | (LEON SWARTZ) | 25949.sottl.28640 |
|---|---|---|---|

| Attorney or Party without Attorney:<br>TIMOTHY B SOTTILE, Bar #127026<br>TIMOTHY B. SOTTILE, A.P.L.C.<br>31365 Oak Crest Drive #220<br>Westlake Village, CA 91361<br>Telephone No: 818-889-0050    FAX No: 818-889-6050 | | For Court Use Only |
|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court: | | |
| LOS ANGELES SUPERIOR COURT - CENTRAL DISTRICT | | |
| Plaintiff: WARD | | |
| Defendant: CADBURY | | |

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC410112 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS (AND) COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; DECLARATION UNDER C.C.P. 170.6 (PEREMPTORY CHALLENGE); MINUTES ENTERED; NE PROGRAM; ADR PACKAGE; DRPA CONTRACTORS; BLANK STIPULATION TO PARTICIPATE IN ADR;

3. a. Party served:                       DR. PEPPER SNAPPLE GROUP
   b. Person served:                      CYNTHIA LEON- AUTHORIZED TO ACCEPT party in item 3.a.

4. Address where the party was served:     1166 ARROYO AVENUE
                                           San Fernando, CA 91340

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Apr. 09, 2009 (2) at: 2:02PM
6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. Person Who Served Papers:
   a. LEON SWARTZ
   b. TRI-COUNTY ATTORNEY SERVICE
      2219 THOUSAND OAKS BLVD #219
      Thousand Oaks, CA 91362
   c. 805-497-4300, FAX 805-497-4308

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:   $68.00
   e. I am: (3) registered California process server
      (i)   Owner
      (ii)  Registration No.:    432
      (iii) County:             Ventura

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Fri, Apr. 10, 2009

Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLAINT                    (LEON SWARTZ)        25949.sott.28641

EXHIBIT  A  PAGE  23

| Attorney or Party without Attorney:<br>TIMOTHY B SOTTILE, Bar #127026<br>TIMOTHY B. SOTTILE, A.P.L.C.<br>31365 Oak Crest Drive #220<br>Westlake Village, CA 91361<br>Telephone No: 818-889-0050          FAX No: 818-889-6050 | For Court Use Only |
|---|---|
| Ref. No. or File No.: | |

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:

LOS ANGELES SUPERIOR COURT - CENTRAL DISTRICT

Plaintiff: WARD

Defendant: CADBURY

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC410112 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS (AND) COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; DECLARATION UNDER C.C.P. 170.6 (PEREMPTORY CHALLENGE); MINUTES ENTERED; NE PROGRAM; ADR PACKAGE; DRPA CONTRACTORS; BLANK STIPULATION TO PARTICIPATE IN ADR;

3. a. Party served:           AMERICAN BOTTLING COMPANY
   b. Person served:          CYNTHIA LEON- AUTHORIZED TO ACCEPT party in item 3.a.

4. Address where the party was served:     1166 ARROYO AVENUE
                                           San Fernando, CA 91340

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Apr. 09, 2009 (2) at: 2:02PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. Person Who Served Papers:                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. LEON SWARTZ                           d. The Fee for Service was:    $25.00
   b. TRI-COUNTY ATTORNEY SERVICE           e. I am: (3) registered California process server
      2219 THOUSAND OAKS BLVD #219              (i)    Owner
      Thousand Oaks, CA  91362                  (ii)   Registration No.:    432
   c. 805-497-4300, FAX 805-497-4308           (iii)  County:              Ventura

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:Fri, Apr. 10, 2009

_____
(LEON SWARTZ)

EXHIBIT A PAGE 24

NOTICE SENT TO:

Sottile, Timothy B., Esq.
Timothy B. Sottile, APLC
31365 Oak Crest Drive, Suite 220
Westlake Village    CA   91361



**FILED**
LOS ANGELES SUPERIOR COURT

APR 0 8 2009

JOHN A. CLARKE, CLERK

BY F. LOPEZ, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

ROBERT M WARD ET AL

                                   Plaintiff(s),

                VS.

CADBURY SCHWEPPES BOTTLING GROUP ET A
                                   Defendant(s).

| CASE NUMBER |
| --- |
| BC410112 |

**NOTICE OF CASE
MANAGEMENT CONFERENCE**

---

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _June 25, 2009_ at _8:30 am_ in _Dept. 64_ at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _April 8, 2009_                                    Kenneth R. Freeman
                                                          Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _April 8, 2009_                      John A. Clarke, Executive Officer/Clerk

                                          by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03
                                          Cal. Rules of Court, rule 3.720-3.730
                                          LASC Local Rules, Chapter Seven

EXHIBIT ___A___ PAGE _25_



**FILED**
LOS ANGELES SUPERIOR COURT

APR 0 8 2009

FILE STAMP
JOHN A. CLARKE, CLERK

BY F. LOPEZ, DEPUTY

NOTICE SENT TO:

Baltaxe, Michael F., Esq.
Law Offices of Michael F. Baltaxe
31365 Oak Crest Drive, Suite 220
Westlake Village    CA  91361

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT M WARD ET AL<br><br>Plaintiff(s),<br><br>VS.<br><br>CADBURY SCHWEPPES BOTTLING GROUP ET A<br>Defendant(s). | **CASE NUMBER**<br><br>BC410112<br><br>**NOTICE OF CASE<br>MANAGEMENT CONFERENCE** |

---

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>June 25, 2009</u> at <u>8:30 am</u> in <u>Dept. 64</u> at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>April 8, 2009</u>

_____
Kenneth R. Freeman
**Judicial Officer**

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: <u>April 8, 2009</u>

John A. Clarke, Executive Officer/Clerk

by ___Frances Lopez___ , Deputy Clerk

LACIV 132 (Rev. 01/07)                                Cal. Rules of Court, rule 3.720-3.730

EXHIBIT __A__ PAGE _26_

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 04/02/09 | DEPT. 1 |
| HONORABLE ELIHU M. BERLE          JUDGE | M. GODDERZ          DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 6. | |
| Deputy Sheriff | NONE          Reporter |

| | | |
|---|---|---|
| 1:30 pm | BC410112 | Plaintiff     NO APPEARANCES |
| | | Counsel |
| | ROBERT M WARD ET AL | |
| | | Defendant |
| | VS | Counsel |
| | CADBURY SCHWEPPES BOTTLING GROU | |
| | ET AL | |

**NATURE OF PROCEEDINGS:**

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the
above matter is reassigned from Department 55, Judge
Malcolm Mackey to Department 64, Judge Kenneth
Freeman for all further proceedings.

If any appearing party has not yet exercised
a peremptory challenge under 170.6 CCP, peremptory
challenges by them to the newly assigned judge must be
timely filed within the 10 day period specified in
Section 170.6 CCP, with extensions of time pursuant
to CCP 1013 if service is by mail.  Previously non-
appearing parties, if any, have a 15-day statutory
period from first appearance to file a peremptory
challenge (68616(1) Govt. Code).

Moving party to give notice.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
4-2-2009  upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope

Page  1 of  2  DEPT. 1

MINUTES ENTERED
04/02/09
COUNTY CLERK

EXHIBIT __A__ PAGE 27

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 04/02/09 | DEPT. 1 |
| HONORABLE ELIHU M. BERLE          JUDGE | M. GODDERZ          DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 6.                        Deputy Sheriff | NONE                Reporter |

| 1:30 pm | BC410112 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | ROBERT M WARD ET AL | | |
| | VS | Defendant Counsel | |
| | CADBURY SCHWEPPES BOTTLING GROU ET AL | | |

**NATURE OF PROCEEDINGS:**

for each, addressed as shown below with the postage
thereon fully prepaid.

Date: April 2, 2009

John A. Clarke, Executive Officer/Clerk

By: _____

LAW OFFICES OF MICHAEL F. BALTAXE
ATTN: Michael F. Baltaxe
31365 Oak Crest Drive, Ste. 220
Westlake Village, CA.          91361

Page   2 of   2   DEPT. 1

MINUTES ENTERED
04/02/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 03/27/09 | | | DEPT. 55 |
| HONORABLE Malcolm Mackey | JUDGE | E. VERNER | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| L. GOMEZ, CA | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC410112 | Plaintiff Counsel | |
| | ROBERT M WARD ET AL | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | CADBURY SCHWEPPES BOTTLING GROU ET AL | | |

**NATURE OF PROCEEDINGS:**

PEREMPTORY CHALLENGE

A peremptory challenge under Section 170.6 of the Code of Civil Procedure was filed herein on March 24, 2009.

The Court finds that it was timely filed, in proper format, and it is accepted.

The case is ordered transferred to Department One for re-assignment.

Moving party is to give notice.

Any hearings, previously set in Department 55 are advanced to this date and vacated, to be reset in the newly assigned department, if appropriate.

<p align="center">CLERK'S CERTIFICATE OF MAILING/<br>NOTICE OF ENTRY OF ORDER</p>

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 03/27/2009 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

<p align="center">Page  1 of  2  DEPT. 55</p>

MINUTES ENTERED
03/27/09
COUNTY CLERK

EXHIBIT ___A___ PAGE __29__

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/27/09 | | DEPT. 55 |
|---|---|---|
| HONORABLE Malcolm Mackey | JUDGE | E. VERNER  DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| L. GOMEZ, CA | Deputy Sheriff | NONE  Reporter |

| 8:30 am | BC410112 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | ROBERT M WARD ET AL | | |
| | VS | Defendant Counsel | |
| | CADBURY SCHWEPPES BOTTLING GROU ET AL | | |

NATURE OF PROCEEDINGS:

Date: 03/27/2009

John A. Clarke, Executive Officer/Clerk

By: _____
         E. VERNER

MICHAEL F. BALTAXE, ESQ.
LAW OFFICES OF MICHAEL F. BALTAXE
31365 OAK CREST DRIVE, SUITE 220
WESTLAKE VILLAGE, CA   91361

Page   2 of   2    DEPT. 55

MINUTES ENTERED
03/27/09
COUNTY CLERK

EXHIBIT __A__ PAGE _30_

1 | Michael F. Baltaxe, Esq.          SBN: 129 532
LAW OFFICES OF MICHAEL F. BALTAXE
2 | 31365 Oak Crest Drive, Suite 220
Westlake Village, California 91361
3 | Telephone: (818) 889-0050 Facsimile: (818) 889-6050

4 | Timothy B. Sottile, Esq.          SBN: 127 026
TIMOTHY B. SOTTILE, APLC
5 | 31365 Oak Crest Drive, Suite 220
Westlake Village, California 91361
6 | Telephone: (818) 889-0050 Facsimile: (818) 889-6050

7 | Attorneys for Plaintiffs, ROBERT M. WARD, ROBERT
E. JONES, JOSE M. VALADEZ, LEONARD TALTON,
8 | GARY SUHAY, and ALFONSO W. JANUARY

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 24 2009

JOHN A. CLARKE, CLERK
BY GLORIETTA ROBINSON, DEPUTY

9

10 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12 | ROBERT M. WARD, ROBERT E. JONES,   Case No.:    BC 410 112
13 | JOSE M. VALADEZ, LEONARD TALTON,
GARY SUHAY, and ALFONSO W.
14 | JANUARY, each an individual,        **DECLARATION UNDER C.C.P. §170.6
(PEREMPTORY CHALLENGE)**

15 |            Plaintiffs,

16 |        v.

17 | CADBURY SCHWEPPES BOTTLING
GROUP, a business entity, form unknown;
18 | CADBURY SCHWEPPES HOLDINGS
INC., a business entity, form unknown; 7-
19 | UP/RC BOTTLING COMPANY OF
SOUTHERN CALIFORNIA, a business
20 | entity, form unknown; DR. PEPPER
SNAPPLE GROUP, a business entity, form
21 | unknown; AMERICAN BOTTLING
COMPANY, a business entity, exact
22 | unknown; and DOES 1-100, inclusive,

23 |            Defendants.

24

25

26 | I, MICHAEL F. BALTAXE, DECLARE:

27 |        1.    I am an attorney at law duly licensed to practice before all courts of the State of

28 | California. I am the attorney of record for Plaintiff herein, and as such, am familiar with the facts

PEREMPTORY CHALLENGE

EXHIBIT __A__ PAGE __31__

1   of this case. If called upon to testify in court, I would and could competently testify thereto.

2       2.    The Honorable Malcom H. Mackey, the judge before whom this case has been

3   assigned in Department 55, is prejudiced against the interest of the party involved, so that the

4   party believes that the party cannot have a fair and impartial trial before such commissioner.

5   I declare under penalty of perjury under the laws of the State of California that the foregoing is

6   true and correct.

7       Executed this 23rd day of March 2009 at Westlake Village, California.

8

9

10   By: _Michael F Baltaxe_

11   MICHAEL F. BALTAXE



PEREMPTORY CHALLENGE                    -2-

EXHIBIT ___A___ PAGE __32__

SUMMONS

**SUM-100**

(CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CADBURY SCHWEPPES BOTTLING GROUP, a business entity,
form unknown; CADBURY SCHWEPPES HOLDINGS INC., a
business entity,form unknown; 7-UP/RC BOTTLING
COMPANY OF SOUTHERN CALIFORNIA, a business entity,
form unknown; DR. PEPPER SNAPPLE GROUP, a business
entity,form unknown; AMERICAN BOTTLING COMPANY, a
business entity,form unknown;and DOES 1-100,inclusive

**FILED**
Los Angeles Superior Court

MAR 19 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNYA WESLEY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT M. WARD, ROBERT E. JONES, JOSE M. VALADEZ,
LEONARD TALTON, GARY SUHAY, and ALFONSO W. JANUARY,
each an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| CASE NUMBER: (Número del Caso): | BC410112 |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*
California Superior Court, County of Los Angeles
111 N. Hill Street

Los Angeles, CA 90012
Central District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael F. Baltaxe    SBN:129532    (818) 889-0050  (818) 889-6050
LAW OFFICES OF MICHAEL F. BALTAXE
31365 Oak Crest Drive, Suite 220
Westlake Village, CA 91361

DATE:                   MAR 19 2009          Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretaria)*   S. WESLEY   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A   PAGE 33

1  Michael F. Baltaxe, Esq.        SBN: 129 532
   LAW OFFICES OF MICHAEL F. BALTAXE
2  31365 Oak Crest Drive, Suite 220
   Westlake Village, California 91361
3  Telephone: (818) 889-0050 Facsimile: (818) 889-6050

4  Timothy B. Sottile, Esq.        SBN: 127 026
   TIMOTHY B. SOTTILE, APLC
5  31365 Oak Crest Drive, Suite 220
   Westlake Village, California 91361
6  Telephone: (818) 889-0050 Facsimile: (818) 889-6050

7  Attorneys for Plaintiffs, ROBERT M. WARD, ROBERT
   E. JONES, JOSE M. VALADEZ, LEONARD TALTON,
8  GARY SUHAY, and ALFONSO W. JANUARY

9

**FILED**
Los Angeles Superior Court

MAR 19 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
      SHAUKYA WESLEY

10        SUPERIOR COURT OF THE STATE OF CALIFORNIA

11      FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12                                    BC410112

13  ROBERT M. WARD, ROBERT E. JONES,        Case No.
    JOSE M. VALADEZ, LEONARD TALTON,
14  GARY SUHAY, and ALFONSO W.
    JANUARY, each an individual,            COMPLAINT FOR DAMAGES
15
          Plaintiffs,                       1.  Discrimination based on Age in
16                                          Violation of FEHA;

17        v.                                2.  Failure to Take All Steps
                                            Necessary to Prevent Discrimination or
18  CADBURY SCHWEPPES BOTTLING              Retaliation;
    GROUP, a business entity, form unknown;
19  CADBURY SCHWEPPES HOLDINGS INC.,        3.  Tortuous Constructive
    a business entity, form unknown; 7- UP/RC   Termination in Violation of Public
20  BOTTLING COMPANY OF SOUTHERN            Policy and FEHA;
    CALIFORNIA, a business entity, form
21  unknown; DR. PEPPER SNAPPLE GROUP, a    4.  Retaliation in Violation of FEHA;
    business entity, form unknown; AMERICAN
22  BOTTLING COMPANY, a business entity,    5.  Failure to Engage in a Good Faith
    exact unknown; and DOES 1-100, inclusive,   Interactive Process in Violation of
23                                          FEHA; and,
          Defendants.
24                                          6.  Failure to Accommodate in
                                            Violation of FEHA.
25

26                                          **DEMAND FOR JURY TRIAL**

27

28        **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

COMPLAINT

EXHIBIT  "A"  PAGE 34

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.     Plaintiffs ROBERT M. WARD ("WARD"), ROBERT E. JONES ("JONES"), JOSE M. VALADEZ ("VALDEZ"), LEONARD TALTON ("TALTON"), GARY SUHAY ("SUHAY"), and ALFONSO W. JANUARY ("JANUARY") are all individuals who at all times pertinent to this lawsuit were all residents of the County of Los Angeles, State of California.

2.     Plaintiffs WARD, JONES, VALADEZ, TALTON, SUHAY and JANUARY were at all times members of a protected class as defined by the Fair Employment and Housing Act ("FEHA") because at all times relevant each of said Plaintiffs was over the age of forty years.

3.     Plaintiff VALADEZ was at all times physically disabled as defined by FEHA due to a severe injury to his left knee. Plaintiff TALTON was at all times physically disabled as defined by FEHA due to injuries to his shoulder, back and wrist, and due to strokes.

4.     The acts, occurrences, discrimination, violations of FEHA, and public policy violations which form the basis of this case all took place at the Employer Defendants' Sun Valley Warehouse located at 1166 Arroyo Avenue, San Fernando, CA 91324 ("the Premises"). The Premises is a warehouse from which products sold by the Employer Defendants are stored and delivered to end users and customers. All Plaintiffs were employed at the Premises, which employed managers, supervisors, dispatchers, drivers, salespeople, loaders, and merchandisers.

5.     Plaintiffs are informed and believe, and thereon allege, that the Defendant CADBURY SCHWEPPES BOTTLING GROUP ("CSBG"), is a business entity, exact form unknown, which engages in the beverage business in the State of California at the Premises. Plaintiffs are informed and believe, and thereon allege, that the Defendant CADBURY SCHWEPPES HOLDINGS INC. ("HOLDINGS"), is a business entity, exact form unknown, which engages in the beverage business in the State of California at the Premises. Plaintiffs are informed and believe, and thereon allege, that the Defendant 7-UP/RC BOTTLING COMPANY OF SOUTHERN CALIFORNIA ("7-UP/RC"), is a business entity, exact form unknown, which engages in the beverage business in the State of California at the Premises. Plaintiffs are informed and believe, and thereon allege, that the Defendant DR. PEPPER SNAPPLE GROUP ("DR. PEPPER") is a business entity, exact form unknown, which engages

-2-

EXHIBIT __A__ PAGE 35

1  believe, and thereon allege, that the Defendant AMERICAN BOTTLING COMPANY

2  ("AMERICAN"), is a business entity, exact form unknown, which engages in the beverage

3  business in the State of California at the Premises. The Plaintiffs, and each of them, were at all

4  times employed by Defendants CSBG, HOLDINGS, 7-UP/RC, and DR. PEPPER, and

5  AMERICAN, and DOES 1-100, and each of them. These Defendants will hereinafter be

6  collectively referred to as the "Employer Defendants". Plaintiffs were at all times employed by

7  the Employer Defendants. Plaintiffs are informed and believe that the Defendants CSBG,

8  HOLDINGS, 7-UP/RC, DR. PEPPER and AMERICAN, and each of them, were at all times

9  the alter egos of each other, so that as to maintain the fiction of a separate corporate existence

10  would work an injustice on each Plaintiff, among others.

11       6.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued

12  herein as DOES 1-100, inclusive, and therefore sue these Defendants by such fictitious names.

13  Plaintiffs are informed and believe, and thereon allege, that at all times relevant the fictitiously

14  named Defendants were acting as the agents and employees of all of the other named and

15  unnamed Defendants, and in doing the acts herein below alleged were acting within the course

16  and scope of said agency and employment. All Employer Defendants were the agents of each

17  other, and acting in the course and scope of said agency.

18       7.    Plaintiffs are further informed and believe, and thereon allege, that the fictitiously

19  named Defendants are liable in some manner as hereinafter alleged for the injuries and damages

20  suffered by Plaintiffs.

21       8.    The Employer Defendants, acting through upper management, including but not

22  limited to Branch Manager (of the Premises) Richard Latinian and Operations Manager John

23  Wonderland, implemented and enforced an unwritten policy of discriminating against older

24  employees, including all Plaintiffs. This discrimination and discriminatory policies took many

25  forms, including, but not limited to, assigning the older truck drivers to much more difficult and

26  physically taxing routes so that they would quit or become injured, transferring the older forklift

27  operators to more difficult and strenuous duties, so that they would quit or become injured,

28  piling work on all Plaintiffs so that they would quit or become injured, and writing some

-3-

EXHIBIT A PAGE 30

1   piling work on all Plaintiffs so that they would quit or become injured, and writing some

2   Plaintiffs up for frivolous and pre-textual reasons.  This discriminatory policy was specifically

3   expressed by upper management at various meetings.  Further, some employees were specifically

4   directed to carry out said discriminatory policy.

5   <div align="center">**ROBERT M. WARD**</div>

6         9.     Plaintiff WARD was originally hired by the Employer Defendants or their

7   predecessors in 1986 as a salesperson.  He was thereafter repeatedly promoted to various

8   positions, and in 2004 was promoted to Operations Manager of the Premises.  In 2007, Richard

9   Latinian became the Branch Manager at the Premises.

10         10.    Commencing in approximately 2005, and continuing through his last day of work,

11   Plaintiff WARD was subjected to an ongoing and continuous pattern of discrimination based on

12   his age.  This discrimination took many forms, and included but was not limited to, being given

13   too much work to accomplish and then being criticized for not accomplishing said work, not

14   being given adequate resources and then being criticized for not accomplishing work, being

15   subjected to unfair and pre-textual write ups, being given poor performance reviews, being told

16   by upper management at meetings that he had to get rid of the older drivers and pile the work

17   on them to force them to quit, being told that it was upper management's plan to get rid of him

18   and replace him with a younger employee, being told it was upper management's plan to drive

19   out the older Operations Managers and replace them with younger employees, being

20   constructively terminated, and other conduct according to proof.  Plaintiff WARD is informed

21   and believes and thereon alleges that such conduct was designed to force him to quit, or

22   alternatively to allow the Employer Defendants to terminate him.

23         11.    Subsequent to Richard Latinian becoming the Branch Manager, Plaintiff WARD

24   was instructed to engage in the illegal conduct of taking bad or expired product, repackaging it,

25   and selling this product to end users and customers.  Plaintiff WARD was instructed to take

26   breakage, which contained exposed product, and resell it to end users and customers.  Plaintiff

27   WARD was also instructed to take product which had leaked and been exposed to the

28   elements, and repackage it and resell it to end users and customers.  Plaintiff WARD

<div align="center">-4-</div>
<div align="center">COMPLAINT</div>

EXHIBIT    A    PAGE   37

1    complained that this was dangerous, and that the product was dirty and tainted because it was

2    coated in spillage from broken containers of product, and Richard Latinian responded by saying,

3    "who cares". Plaintiff WARD refused to engage in this illegal and potentially dangerous

4    conduct.

5         12.   Subsequent to Richard Latinian becoming the Branch Manager, in June 2007,

6    Plaintiff was told by Richard Latinian that there were too many older drivers, that Plaintiff

7    WARD had to put them into a position to quit or go out on medical leave, and that he had to

8    pile extra work on them. Plaintiff WARD is informed and believes that similar comments and

9    directives were made to other members of management. Prior to this, and while Plaintiff

10   WARD had been out on medical leave, Richard Latinian had begun implementing this plan to

11   get rid of the older drivers by requiring the older drivers to work longer routes with larger trucks

12   and heavier loads. Plaintiff WARD did not agree with this "plan" and refused to engage in said

13   illegal conduct.

14        13.   Plaintiff WARD was extremely upset and distressed by this illegal conduct and

15   accordingly went on stress leave in July 2007. He never returned to work. As a result of the

16   afore pled illegal conduct and request that he participate in illegal conduct, Plaintiff WARD was

17   constructively terminated.

18                                    **ROBERT E. JONES**

19        14.   Plaintiff JONES was hired by the Employer Defendants or their predecessors in

20   1978. He was eventually promoted to the position of forklift operator. In that capacity his main

21   work function was operating a forklift.

22        15.   Commencing in 2007 and continuing through today, Plaintiff JONES was, and is,

23   subjected to an ongoing and continuous pattern of discrimination based on his age. This

24   discrimination took many forms, and included but was not limited to, being demoted and

25   assigned to the job of loader, where his main work function is to "throw cases". The last time

26   Plaintiff JONES had thrown cases was at least twenty years previously. This is a physically

27   difficult job which requires heavy lifting, and is usually done by younger employees with less

28   time on the job. Other older forklift operators, including Plaintiffs VALADEZ and TALTON,

-5-

EXHIBIT _A_   PAGE _39_

1  were also demoted from forklift operator.  Younger and less senior employees were promoted

2  from throwing cases to forklift operators.  Plaintiff JONES is informed and believes that this

3  conduct was designed to force him to quit, or alternatively, to have him injure himself so he

4  would go off work.  Plaintiff JONES was also assigned to a worse shift.  Plaintiff JONES was

5  informed by management that he had to keep up, or that he would be subjected to write ups

6  and eventually termination.  Plaintiff JONES was then subjected to unfair and frivolous write

7  ups and was denied breaks.  Operations Manager John Wonderland repeatedly told Plaintiff

8  JONES that he had to keep his case count up or he would be written up and fired.  When

9  Plaintiff JONES complained to John Wonderland that he was too old to throw cases,

10  Wonderland replied "tough, do it or you will be written up", " it's not my problem", and "I don't

11  care".  Plaintiff JONES was told by other members of management to "keep up" or he would be

12  written up and fired.  Plaintiff JONES was also told by Human Resources after he complained

13  "maybe you should find another line of work".  Plaintiff JONES was repeatedly physically

14  followed by Richard Latinian and/or John Wonderland while being told things such as "get to

15  it" on a repeated basis, and other conduct according to proof.

16        16.  Plaintiff JONES repeatedly complained to management about the afore pled

17  discrimination and in response was subjected to retaliation.  Plaintiff JONES repeatedly

18  complained to Operations Manager John Wonderland that he was too old to only throw cases,

19  and in response was told, "tough, do it or you will be written up", "it's not my problem", and "I

20  don't care".  Plaintiff JONES also complained to Human Resources, and in response was told to

21  keep up or he would be written up and that "maybe you should find another line of work".  No

22  investigation was done, and in response Plaintiff was retaliated against by being subjected to

23  further harassment and further discrimination, including being given pre-textual write ups,

24  being denied breaks,  and other conduct according to proof.

### JOSE M. VALADEZ

26        17.  Plaintiff VALADEZ was hired by the Employer Defendants or their predecessors

27  in 1984.  He was eventually promoted to the position of forklift operator. In that capacity his

28  main work function was operating a forklift.

-6-

EXHIBIT    A              39

18.   Commencing in 2007 and continuing through today, Plaintiff VALADEZ was, and is, subjected to an ongoing and continuous pattern of discrimination based on his age. This discrimination took many forms, and included but was not limited to, being demoted and assigned to the job of breakage, where his main work function is to deal with and clean up bad and broken product. This job is physically difficult because employees must continuously stand on a hard surface, which can hurt their backs, among other things. Other older forklift operators, including Plaintiffs JONES and TALTON, were also demoted from forklift operator. Younger and less senior employees were transferred from throwing cases to forklift operators. Plaintiff VALADEZ is informed and believes that this conduct was designed to force him to quit, or alternatively, to have him injure himself so he would go off work. Plaintiff VALADEZ was also assigned to a worse shift.

19.   While doing his new job, in or around September 2007, Plaintiff VALADEZ suffered a serious injury to his left knee, which may require a knee replacement, and as a result was required to go out on a medical leave. Said injury rendered Plaintiff VALADEZ physically disabled within the meaning of the FEHA because it interfered with his major life activities, including, but not limited to, walking, running, working, and taking care of himself. Plaintiff was a qualified injured worker under the FEHA because he could do the essential functions of his job, or another job that he was qualified for and that was available, either with or without reasonable accommodations.

20.   Plaintiff VALADEZ was released by his doctor to return to work in approximately October 2007, with some limitations and need for accommodations. The Employer Defendants were aware of the fact that Plaintiff had been released by his physician.

21.   The Employer Defendants, after Plaintiff had been released in October 2007, failed to enter into the required good faith interactive process with him to determine effective reasonable accommodations.

22.   The Employer Defendants, acting through Operations Manager John Wonderland, told Plaintiff that they could not accommodate him. Instead, the Employer Defendants insisted that Plaintiff perform his normal job without any accommodations. Plaintiff

-7-

EXHIBIT A   PAGE 40

1    VALADEZ was required to exceed his limitations. The Employer Defendants refused to

2    accommodate Plaintiff VALADEZ. As a result, his disability and injury became worse.

3        23.    Due to the fact that he was not being accommodated, Plaintiff VALDEZ'

4    disability and injuries worsened. As a result, he was required to take another medial leave in

5    April 2008.

6        24.    Plaintiff VALADEZ was thereafter released by his doctor to return to work with

7    some limitations and the need for accommodations. The Employer Defendants were aware of

8    the fact that Plaintiff had been released by his physician.

9        25.    The Employer Defendants, after Plaintiff had been released subsequent to April

10   2008, failed to enter into the required good faith interactive process with him to determine

11   effective reasonable accommodations.

12       26.    The Employer Defendants, after Plaintiff had been released subsequent to April

13   2008, refused to accommodate him, and continue to refuse to accommodate him through today.

14                              **LEONARD TALTON**

15       27.    Plaintiff TALTON was hired by the Employer Defendants or their predecessors in

16   1987. He was eventually promoted to the position of forklift operator. In that capacity his main

17   work function was operating a forklift.

18       28.    Plaintiff TALTON, in or about August 2005, suffered injuries to his neck, right

19   shoulder, back and wrist, including injuries to various discs, and as a result was required to go

20   out on medical leave. Plaintiff TALTON was eventually required to undergo surgeries as a

21   result of these injuries. Said injuries rendered Plaintiff TALTON physically disabled within the

22   meaning of the FEHA because it interfered with his major life activities, including, but not

23   limited to, bending, lifting, carrying items, working, and taking care of himself. Plaintiff was a

24   qualified injured worker under the FEHA because he could do the essential functions of his job,

25   or another job that he was qualified for and that was available, either with or without

26   reasonable accommodations.

27       29.    Plaintiff TALTON was released by his doctor to return to work in approximately

28   September 2007, after surgery, with some limitations and need for accommodations. The

                                    -8-

1   Employer Defendants were aware of the fact that Plaintiff had been released by his physician.

2   Plaintiff TALTON was a qualified injured worker under the FEHA because he could do the

3   essential functions of his job, or another job that he was qualified for and that was available,

4   either with or without reasonable accommodations.

5       30.   The Employer Defendants, after Plaintiff TALTON had been released, failed to

6   enter into the required good faith interactive process with him to determine effective reasonable

7   accommodations.

8       31.   The Employer Defendants, acting through Richard Latinian and John

9   Wonderland, told Plaintiff TALTON that they could not accommodate him unless he had "a

10   full release". Plaintiff TALTON, not knowing what to do, obtained a full release from his

11   physician. The Employer Defendants refused to accommodate Plaintiff TALTON. As a result,

12   his disability and injury became worse.

13       32.   Shortly after returning to work Plaintiff TALTON was demoted from forklift

14   operator to loader or order picker, where his main work function was to "throw cases". This is a

15   physically difficult job which requires heavy lifting, and is usually done by younger employees

16   with less time on the job. Plaintiff is informed and believes that this was done due to his age,

17   and in an effort to force him to injure himself or quit.

18       33.   Plaintiff TALTON then engaged in that job for several months. This made his

19   injuries and disabilities worse. In February 2008, as a proximate result of said illegal

20   discrimination and failure to accommodate, Plaintiff TALTON suffered a series of strokes.

21       34.   Commencing in 2007 and continuing through today, Plaintiff TALTON was, and

22   is, subjected to an ongoing and continuous pattern of discrimination based on his age. This

23   discrimination took many forms, and included but was not limited to, being demoted and

24   assigned to the job of loader or order picker, where his main work function was to "throw cases".

25   The last time Plaintiff TALTON had thrown cases was at least eighteen years previously. This

26   is a physically difficult job which requires heavy lifting, and is usually done by younger

27   employees with less time on the job. Other older forklift operators, including Plaintiffs

28   VALADEZ and JONES, were also demoted from forklift operator. Younger and less senior

-9-

EXHIBIT  A  PAGE 42

1  employees were promoted from throwing cases to forklift operators.  Plaintiff TALTON is

2  informed and believes that this conduct was designed to force him to quit, or alternatively, to

3  have him injure himself so he would go off work.  Plaintiff TALTON was also assigned to a

4  worse shift.

5  <div align="center">**GARY SUHAY**</div>

6      35.   Plaintiff SUHAY was hired by the Employer Defendants or their predecessors in

7  1973 as a driver.  He has retained that position through today, although he has had breaks in

8  service.

9      36.   Subsequent to Richard Latinian becoming the Branch Manager, the Employer

10  Defendants, acting through Richard Latinian, instituted a policy of piling extra work on the

11  older drivers, making them work harder, giving them more difficult and physically taxing work,

12  and giving them harder and more difficult routes, all in order to put them into a position to quit

13  or to injure themselves so that they would be required to go out on medical leave.  This policy

14  was applied to Plaintiffs SUHAY and JANUARY and other older drivers at the premises.  In

15  addition, newer and younger drivers were given easier, less taxing routes.

16      37.   The Plaintiff SUHAY, prior to Richard Latinian becoming the Branch Manager,

17  operated a side loader while driving his routes.  Subsequent to Richard Latinian becoming the

18  Branch Manager, Plaintiff SUHAY was involuntarily switched to a harder route using a bulk

19  truck, pursuant to the Employer Defendants' discriminatory plan.  The new bulk truck route

20  was more physically difficult for Plaintiff SUHAY because he had to handle more cases and he

21  had to handle more cases once inside a customer's premises.  The younger drivers were assigned

22  the easier side loader routes and trucks.

23      38.   Plaintiff SUHAY complained about this, and that he was not able to do this route

24  physically.  Plaintiff SUHAY was eventually transferred back to a side loader, but was given

25  more stops and many bulk stops.  The new route was more physically difficult for Plaintiff

26  SUHAY because of the number of stops and the number of bulk stops, and was done pursuant

27  to the Employer Defendants' discriminatory plan.  The younger drivers were assigned the easier

28  side loader routes.  As a proximate result of the Employer Defendants' discriminatory policy and

<div align="center">-10-</div>

<div align="center">COMPLAINT</div>

1    being given harder routes and more work, Plaintiff SUHAY was injured and forced to go on

2    medical leave.

3         39.    Commencing in 2007 and continuing through today, Plaintiff SUHAY was, and is,

4    subjected to an ongoing and continuous pattern of discrimination based on his age.  This

5    discrimination included, but was not limited to, being assigned more work, being given harder

6    routes, and being made to do more physically demanding work, all in an effort to force him to

7    become injured or to quit.  As a result, Plaintiff SUHAY was injured and was required to go out

8    on medical leave.  The Employer Defendants also gave Plaintiff SUHAY a worse shift.

9                              **ALFONSO W. JANUARY**

10        40.    Plaintiff JANUARY was hired by the Employer Defendants or their predecessors

11   in 1989 as a driver.  He has retained that position through today.

12        41.    Subsequent to Richard Latinian becoming the Branch Manager, the Employer

13   Defendants, acting through Richard Latinian, instituted a policy of piling extra work on the

14   older drivers, making them work harder, giving them more difficult and physically taxing work,

15   and giving them harder and more difficult routes, all in order to put them into a position to quit

16   or to injure themselves so that they would be required to go out on medical leave.  This policy

17   was applied to Plaintiffs SUHAY and JANUARY and other older drivers at the premises.  In

18   addition, newer and younger drivers were given easier, less taxing routes.

19        42.    Plaintiff JANUARY, prior to Richard Latinian becoming the Branch Manager,

20   operated a bulk truck/end loader with power and motorized jacks while driving his routes.  This

21   truck used motorized jacks so that Plaintiff JANUARY was not required to undergo a

22   substantial amount of heavy lifting on his route.  Subsequent to Richard Latinian becoming the

23   Branch Manager, Plaintiff JANUARY was involuntarily switched to a harder route using a side

24   loader truck, pursuant to the Employer Defendants' discriminatory plan.  The new side loader

25   route was more physically difficult for Plaintiff JANUARY because there were no motorized

26   jacks, which required the Plaintiff JANUARY to physically lift and unload cases into a hand

27   truck, and because there were too many stops.  This was a route that was designed for, and

28   should have been carried out by a bulk truck.  The younger drivers were assigned the easier side

                                        -11-

1    loader routes and trucks. As a proximate result of the Employer Defendants' discriminatory

2    policy and being given harder routes and more work, Plaintiff JANUARY was injured and

3    forced to go on medical leave.

4       43.    Commencing in 2008 and continuing through today, Plaintiff JANUARY was,

5    and is, subjected to an ongoing and continuous pattern of discrimination based on his age. This

6    discrimination included, but was not limited to, being assigned more work, being given harder

7    routes, being made to do more physically demanding work, all in an effort to force him to

8    become injured or to quit. As a result, Plaintiff JANUARY was injured and was required to go

9    out on medical leave. The Employer Defendants also wrote Plaintiff JANUARY up for frivolous

10    and pre-textual reasons.

11                **VALADEZ AND TALTON WERE DISABLED WITHIN**

12                        **THE MEANING OF FEHA**

13       44.    Plaintiffs VALADEZ and TALTON suffered from physical disabilities as defined

14    by FEHA, all as afore pled. Each Plaintiff is accordingly entitled to the protections of the FEHA.

15       45.    Alternatively, Plaintiffs VALADEZ and TALTON were perceived or regarded by

16    the Employer Defendants as being physically disabled and/or had a history of being physically

17    disabled within the meaning of FEHA. Each Plaintiff is accordingly entitled to the protections of

18    the FEHA.

19       46.    Plaintiffs are informed and believe, and thereon allege, that the Employer

20    Defendants were at all times relevant California employers who employed more than five (5)

21    people in the State of California and therefore are accordingly subject to the provisions of

22    FEHA.

23       47.    All Plaintiffs have duly complied with the requirements of the Fair Employment

24    and Housing Act by filing charges of discrimination with the DFEH and obtaining the requisite

25    "Right-to-Sue" notice.

26    ///

27    ///

28    ///

-12-

EXHIBIT   K   PAGE   45

1

2

3

4

# FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON AGE IN VIOLATION OF FEHA

### (Government Code §12940(a))

**By All Plaintiffs Against All Defendants**

5       48.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 of the

6    Complaint, and each of them, as though fully set forth herein.

7       49.    At all times relevant, all Plaintiffs were over the age of forty (40) years old and

8    accordingly members of a protected class as defined by FEHA .

9       50.    *Government Code §12940(a)* forbids an employer from discriminating against an

10   employee because of their age.

11      51.    The Employer Defendants, acting through upper management, including but not

12   limited to Branch Manager (of the premises) Richard Latinian and Operations Manager John

13   Wonderland implemented and enforced an unwritten policy of discriminating against older

14   employees, including all Plaintiffs.  This discrimination and discriminatory policies took many

15   forms, including, but not limited to, assigning the older truck drivers to much more difficult and

16   physically taxing routes so that they would quit or become injured, transferring the older forklift

17   operators to more difficult and strenuous duties, so that they would quit or become injured,

18   piling work on all Plaintiffs so that they would quit or become injured, and writing some

19   Plaintiffs up for frivolous and pre-textual reasons.  This discriminatory policy was specifically

20   expressed by upper management at various meetings.  Further, some employees were specifically

21   directed to carry out said discriminatory policy.

22      52.    All Plaintiffs were discriminated against based on their age pursuant to this

23   discriminatory policy.

24      53.    Commencing in approximately 2005, and continuing through his last day of work,

25   Plaintiff WARD was subjected to an ongoing and continuous pattern of discrimination based on

26   his age. This discrimination took many forms, and included but was not limited to, being given

27   too much work to accomplish and then being criticized for not accomplishing said work, not

28   being given adequate resources and then being criticized for not accomplishing work, being

-13-

EXHIBIT  A   PAGE 46

1    subjected to unfair and pre-textual write ups, being given poor performance reviews, being told

2    by upper management at meetings that he had to get rid of the older drivers and pile the work

3    on them to force them to quit, being told that it was upper management's plan to get rid of him

4    and replace him with a younger employee, being told it was upper management's plan to drive

5    out the older Operations Managers and replace them with younger employees, being

6    constructively terminated, and other conduct according to proof. Plaintiff is informed and

7    believes and thereon alleges that such conduct was designed to force him to quit, or

8    alternatively, allow the Employer Defendants to terminate him.

9         54.   Commencing in 2007 and continuing through today, Plaintiff JONES was, and is,

10   subjected to an ongoing and continuous pattern of discrimination based on his age. This

11   discrimination took many forms, and included but was not limited to, being demoted and

12   assigned to the job of loader, where his main work function was to "throw cases". The last time

13   Plaintiff JONES had thrown cases was at least twenty years previously. This is a physically

14   difficult job which requires heavy lifting, and is usually done by younger employees with less

15   time on the job. Other older forklift operators, including Plaintiff VALADEZ and Plaintiff

16   TALTON, were also demoted from forklift operator. Younger and less senior employees were

17   promoted from throwing cases to forklift operators. Plaintiff JONES is informed and believes

18   that this conduct was designed to force him to quit, or alternatively, to have him injure himself

19   so he would go off work. Plaintiff JONES was also assigned to a worse shift. Plaintiff JONES

20   was also informed by management that he had to keep up, or he would be subjected to write ups

21   and eventually termination. Plaintiff JONES was then subjected to unfair and frivolous write

22   ups and was denied breaks. Operations Manager John Wonderland repeatedly told Plaintiff

23   JONES that he had to keep his case count up or he would be written up and fired and when

24   Plaintiff JONES complained that he was too old to throw cases, Wonderland responded "tough,

25   do it or you will be written up", " it's not my problem", and "I don't care". Plaintiff JONES was

26   told by other members of management to "keep up" or "you will be written up and fired", and

27   was told by Human Resources after he complained "maybe you should find another line of

28   work". Plaintiff JONES was repeatedly physically followed by Richard Latinian and/or John

-14-

1    Wonderland while being told things such as "get to it" on a repeated basis, and other conduct

2    according to proof.

3        55.    Commencing in 2007 and continuing through today, Plaintiff VALADEZ was,

4    and is, subjected to an ongoing and continuous pattern of discrimination based on his age. This

5    discrimination took many forms, and included but was not limited to, being demoted and

6    assigned to the job of breakage, where his main work function was to deal with and clean up

7    bad, broken and tainted product.  This job is physically difficult because you must continuously

8    stand on a hard surface, which can hurt an employees' back, among other things.  Other older

9    forklift operators, including Plaintiffs JONES and TALTON, were also demoted from forklift

10   operator.  Younger and less senior employees were transferred from throwing cases to forklift

11   operators.  Plaintiff VALADEZ is informed and believes that this conduct was designed to force

12   him to quit, or alternatively, to have him injure himself so he would go off work.  Plaintiff

13   VALADEZ was also assigned to a worse shift.  As a result of this discrimination and being

14   forced to do the physically more difficult jobs, the Plaintiff VALADEZ suffered serious personal

15   injuries.  As a further proximate result, the Plaintiff VALADEZ was injured and was required to

16   go out on medical leave.

17       56.    Commencing in 2007 and continuing through today, Plaintiff TALTON was, and

18   is, subjected to an ongoing and continuous pattern of discrimination based on his age.  This

19   discrimination took many forms, and included but was not limited to, being demoted and

20   assigned to the job of loader or order picker, where his main work function was to "throw cases".

21   The last time Plaintiff TALTON had thrown cases was at least eighteen years previously.  This

22   is a physically difficult job which requires heavy lifting, and is usually done by younger

23   employees with less time on the job.  Other older forklift operators, including Plaintiffs

24   VALADEZ and JONES, were also demoted from forklift operator.  Younger and less senior

25   employees were promoted from throwing cases to forklift operators.  Plaintiff TALTON is

26   informed and believes that this conduct was designed to force him to quit, or alternatively, to

27   have him injure himself so he would go off work.  Plaintiff TALTON was also assigned to a

28   worse shift.  As a result of this discrimination and being forced to do the physically more

-15-

1    difficult jobs, Plaintiff TALTON suffered serious personal injuries and his disabilities were

2    worsened. As a further proximate result, Plaintiff TALTON was injured and was required to go

3    out on medical leave.

4         57.    Commencing in 2007 and continuing through today, Plaintiff SUHAY was, and is,

5    subjected to an ongoing and continuous pattern of discrimination based on his age. This

6    discrimination included, but was not limited to, being assigned more work, being given harder

7    routes, and being made to do more physically demanding work, all in an effort to force him to

8    become injured or to quit. As a result of this discrimination and being forced to do the

9    physically more difficult jobs, Plaintiff SUHAY suffered serious personal injuries. As a further

10   proximate result, the Plaintiff SUHAY was injured and was required to go out on medical leave.

11   The Employer Defendants also gave Plaintiff SUHAY a worse shift.

12        58.    Commencing in 2008 and continuing through today, Plaintiff JANUARY was,

13   and is, subjected to an ongoing and continuous pattern of discrimination based on his age. This

14   discrimination included, but was not limited to, being assigned more work, being given harder

15   routes, and being made to do more physically demanding work, all in an effort to force him to

16   become injured or to quit. As a result of this discrimination and being forced to do the

17   physically more difficult jobs, Plaintiff JANUARY suffered serious personal injuries. As a further

18   proximate result, Plaintiff JANUARY was injured and was required to go out on medical leave.

19   The Employer Defendants also wrote Plaintiff JANUARY up for frivolous and pre-textual

20   reasons.

21        59.    Plaintiffs are all informed and believe, and thereon allege, that the afore pled

22   conduct was all motivated by their age. The afore pled conduct of the Employer Defendants,

23   and each of them, constitutes discrimination based on Plaintiffs' ages and accordingly violates

24   *Government Code* §12940(a) and other provisions of FEHA.

25        60.    As a proximate result of the said discrimination, each Plaintiff has suffered mental

26   anguish and emotional suffering in an amount in excess of the minimum jurisdiction of this

27   court and according to proof.

28

<div align="center">-16-</div>

<div align="center">COMPLAINT</div>

61.    As a further proximate result of said discrimination as afore pled, each Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

62.    As a further proximate result of the discrimination as afore pled, each Plaintiff was required to and did retain attorneys, and is accordingly entitled to an award of attorneys fees according to proof.

63.    As a further proximate result of said discrimination, each Plaintiff has incurred and will continue to incur medical expenses in amount according to proof at the time of trial.

64.    As a further proximate result of said discrimination, each Plaintiff suffered serious personal injuries. In addition, Plaintiffs VALADEZ and TALTON had their disabilities made worse.

65.    The afore pled conduct constitutes oppression, fraud, and malice thereby entitling each Plaintiff to an award of punitive damages.  Plaintiffs are informed and believe, and thereon allege, that the Employer Defendants had advance knowledge of the unfitness of Richard Latinian and John Wonderland but employed them nonetheless with a conscious disregard of the rights and safety of the Plaintiffs and others, or ratified or authorized the said conduct. Plaintiffs are further informed and believe, and thereon allege, that this advance knowledge, or act of oppression, fraud, or malice, or act of ratification or authorization were on the part of a managing agent acting on behalf of the Employer Defendants.  Plaintiffs are informed and believe, and thereon allege, that Richard Latinian and John Wonderland were at all times managing agents employed by the Employer Defendants.

## SECOND CAUSE OF ACTION
### FOR FAILURE TO TAKE ALL NECESSARY STEPS TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA
#### (Government Code §12940(k))
**By All Plaintiffs Against All Defendants**

-17-

EXHIBIT __A__ PAGE 50

66.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 65 of the Complaint, and each of them, as though fully set forth herein.

67.    Plaintiffs are informed and believe, and thereon allege, that the Employer Defendants failed to take all steps reasonably necessary to prevent discrimination, harassment and retaliation from occurring.  Such conduct violates *Government Code* §12940(k).

68.    Such violation of FEHA caused each Plaintiff to be discriminated against, and some Plaintiffs to be harassed and retaliated against, all as afore pled.

69.    The Employer Defendants' conduct legally and directly caused each Plaintiff to suffer damages of emotional distress in excess of the minimum jurisdiction of this Court subject to proof at the time of trial.

70.    The afore pled conduct caused each Plaintiff to lose wages and fringe benefits in an amount according to proof.

71.    The afore pled conduct caused each Plaintiff to incur medical expenses past and future according to proof.

72.    The afore pled conduct caused each Plaintiff to incur attorneys fees according to proof.  Plaintiffs are entitled to recover attorneys fees pursuant to the provisions of *Government Code* §12940, et seq.

73.    As a further proximate result of said violation of FEHA, each Plaintiff suffered serious personal injuries. In addition, Plaintiffs VALADEZ and TALTON had their disabilities made worse.

74.    The afore pled conduct constitutes oppression, fraud, and malice thereby entitling each Plaintiff to an award of punitive damages.  Plaintiffs are further informed and believes that such conduct was authorized or ratified by the Employer Defendants.  Plaintiffs are further informed and believe, and thereon allege, that this act of oppression, fraud, or malice, or act of ratification or authorization, were on the part of a managing agent acting on behalf of the Employer Defendants.

///

///

-18-

EXHIBIT A   PAGE 9

## THIRD CAUSE OF ACTION

## FOR TORTUOUS CONSTRUCTIVE TERMINATION

## IN VIOLATION OF PUBLIC POLICY/FEHA

### By Plaintiff Ward Against All Defendants

75.   Plaintiff WARD re-alleges and incorporates by reference paragraphs 1 through 74 of the Complaint, and each of them, as though fully set forth herein.

76.   The Employer Defendants, acting through upper management, including but not limited to Branch Manager (of the premises) Richard Latinian and Operations Manager John Wonderland implemented and enforced an unwritten policy of discriminating against older employees, including all Plaintiffs.  This discrimination and discriminatory policies took many forms, including, but not limited to, assigning the older truck drivers to much more difficult and physically taxing routes so that they would quit or become injured, transferring the older forklift operators to more difficult and strenuous duties, so that they would quit or become injured, piling work on all Plaintiffs so that they would quit or become injured, and writing some Plaintiffs up for frivolous and pre-textual reasons.  This discriminatory policy was specifically expressed by upper management at various meetings.  Further, some employees were specifically directed to carry out said discriminatory policy.

77.   Commencing in approximately 2005, and continuing through his last day of work, Plaintiff WARD was subjected to an ongoing and continuous pattern of discrimination based on his age.  This discrimination took many forms, and included but was not limited to, being given too much work to accomplish and then being criticized for not accomplishing said work, not being given adequate resources and then being criticized for not accomplishing work, being subjected to unfair and pre-textual write ups, being given poor performance reviews, being told by upper management at meetings that he had to get rid of the older drivers and pile the work on them to force them to quit, being told that it was upper management's plan to get rid of him and replace him with a younger employee, being told it was upper management's plan to drive out the older Operations Managers and replace them with younger employees, being constructively terminated, and other conduct according to proof.  Plaintiff is informed and

-19-

EXHIBIT A   PAGE 52

1   believes and thereon alleges that such conduct was designed to force him to quit, or

2   alternatively to allow the employer Defendants to terminate him.

3       78.   Subsequent to Richard Latinian becoming the Branch Manager, Plaintiff WARD

4   was instructed to engage in the illegal conduct of taking bad or expired product, repackaging it,

5   and selling this product to end users and customers, in violation of *California Health & Safety*

6   *Code* §§110560-110585 and §110620.  Plaintiff WARD was instructed to take breakage, which

7   contained exposed product, and resell it to end users and customers in violation of *California*

8   *Health & Safety Code* §§110560-110585 and §110620.  Plaintiff Ward was also instructed to

9   take product which had leaked and been exposed to the elements, and repackage it and resell it

10  to end users and customers in violation of *California Health & Safety Code* §§110560-110585

11  and §110620.  Plaintiff WARD complained that this was dangerous, and that the product was

12  dirty and tainted because it was coated in spillage from broken containers of product, and

13  Richard Latinian responded by saying, "who cares".  Plaintiff refused to engage in this illegal and

14  potentially dangerous conduct, which was a violation of the aforementioned Health and Safety

15  Code as well as a violation of *Business and Professions Code* §17200.

16      79.   Subsequent to Richard Latinian becoming the Branch Manager, in June 2007,

17  Plaintiff WARD was told by Richard Latinian that there were too many older drivers, that

18  Plaintiff WARD had to put them into a position to quit or go out on medical leave, and that he

19  had to pile extra work on them.  Plaintiff WARD is informed and believes that similar

20  comments and directives were made to other members of management.  Prior to this, and while

21  Plaintiff WARD had been out on medical leave, Richard Latinian had begun implementing this

22  plan to get rid of the older drivers by requiring the older drivers to work longer routes with

23  larger trucks and heavier loads.  Plaintiff WARD did not agree with this "plan", and refused to

24  engage in said illegal conduct.

25      80.   Plaintiff WARD was extremely upset and distressed by this illegal conduct and

26  accordingly went on stress leave in July 2007.

27      81.   The Employer Defendants, by the acts and conduct set forth above, either

28  intentionally created or knowingly permitted working conditions that were so intolerable that a

-20-

1    reasonable employer would realize that a reasonable person in the employees' position would be

2    compelled to resign. Said working conditions violated the Public Policy of the State of

3    California, as set forth below.

4         82.    It is against the public policy of the State of California to require an employee to

5    engage in illegal conduct, or require an employee to violate a statute. *Gantt v. Sentry Ins.*

6    *(1992) 1 C4th 1083, 1090–1091, 4 CR2d 874, 878*. Requesting that Plaintiff WARD engage in

7    the illegal conduct of taking bad or expired product, repackaging it, and selling this product to

8    end users, to take breakage, which contained exposed product, and resell it to end users and

9    customers and to take product which had leaked and been exposed to the elements, and

10   repackage it and resell it to end users and customers was against the Public Policy of the State of

11   California and a violation of *California Health & Safety Code* §§110560-110585 and §110620 as

12   well as a violation of *Business and Professions Code* §17200. Plaintiff WARD was forced to go

13   out on stress leave and was unable to return due to these illegal acts, effectively terminating him

14   in violation of *California Labor Code* §§ 1102.5© and 6310(a)(1). Requesting that Plaintiff

15   WARD had to put older drivers into a position to quit or go out on medical leave by piling extra

16   work on them was against the Public Policy of the State of California. Said Public Policy was

17   express, fundamental, and binding on the Employer Defendants.

18        83.    It is the Public Policy of the State of California as expressed in *Government Code*

19   §12900 et seq. ("FEHA") that an employer may not discriminate against an employee based on

20   his or her age or require an employee to discriminate against another employee based on their

21   age. This Public Policy was at all times was express, fundamental, in force, and binding on the

22   Employer Defendants.

23        84.    As a proximate result of these intolerable working conditions and conduct by the

24   Employer Defendants in violation of Public Policy, FEHA, and numerous California laws,

25   Plaintiff WARD was in fact compelled to resign and was thereby constructively terminated.

26   Plaintiff WARD is informed and believes, and thereon alleges, that at all times relevant the

27   Employer Defendants had actual knowledge of these intolerable working conditions.

28

-21-

85.    As a proximate result of said constructive termination in violation of Public Policy, Plaintiff WARD suffered emotional distress damages past and future in an amount in excess of the minimum jurisdiction of the court and according to proof.

86.    As a further proximate result of said constructive termination in violation of Public Policy, Plaintiff WARD lost employment benefits, including wages and fringe benefits, in an amount in excess of the minimum jurisdiction of the court and according to proof.

87.    As a further proximate result of said constructive termination in violation of Public Policy, Plaintiff WARD has needed and will need medical attention, and will incur medical expenses, past and future, to his damage according to proof.

88.    The afore pled conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff WARD to an award of punitive damages.  Plaintiff is informed and believes, and thereon alleges, that the Employer Defendants had advance knowledge of the unfitness of Richard Latinian and John Wonderland but employed them nonetheless with a conscious disregard of the rights and safety of the Plaintiff and others, or ratified or authorized said conduct.  Plaintiff is further informed and believes, and thereon alleges, that this advance knowledge, or act of oppression, fraud, or malice, or act of ratification or authorization, were on the part of a managing agent acting on behalf of the Employer Defendants.  Plaintiff is informed and believes, and thereon alleges, that Richard Latinian and John Wonderland were at all times managing agents employed by the Employer Defendants.

## FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FEHA

### (Government Code §12940(h))

### By Plaintiff JONES Against All Defendants

89.    Plaintiff JONES re-alleges and incorporates by reference paragraphs 1 through 88 of the Complaint, and each of them, as though fully set forth herein

90.    Commencing in 2007 and continuing through today, Plaintiff JONES was, and is, subjected to an ongoing and continuous pattern of discrimination based on his age.  This

-22-

EXHIBIT  A  PAGE 55

1     discrimination took many forms, and included but was not limited to, being demoted and

2     assigned to the job of loader, where his main work function was to "throw cases". The last time

3     Plaintiff JONES had thrown cases was at least twenty years previously. This is a physically

4     difficult job which requires heavy lifting, and is usually done by younger employees with less

5     time on the job. Other older forklift operators, including Plaintiffs VALADEZ and TALTON,

6     were also demoted from forklift operator. Younger and less senior employees were promoted

7     from throwing cases to forklift operators. Plaintiff JONES is informed and believes that this

8     conduct was designed to force him to quit, or alternatively, to have him injure himself so he

9     would go off work. Plaintiff JONES was also assigned to a worse shift. Plaintiff JONES was also

10     informed by management that he had to keep up, or he would be subjected to write ups and

11     eventually termination. Plaintiff JONES was then subjected to unfair and frivolous write ups

12     and was denied breaks. Operations Manager John Wonderland repeatedly told Plaintiff JONES

13     that he had to keep his case count up or he would be written up and fired and when Plaintiff

14     JONES complained that he was too old to throw cases, Wonderland responded "tough, do it or

15     you will be written up", "it's not my problem", and "I don't care". Plaintiff JONES was told by

16     other members of management to "keep up" or you will be written up and fired, and was told by

17     Human Resources after he complained "maybe you should find another line of work". Plaintiff

18     JONES was repeatedly physically followed by Richard Latinian and/or John Wonderland while

19     being told things such as "get to it" on a repeated basis, and other conduct according to proof.

20        91.    Plaintiff JONES repeatedly complained to management about the afore pled

21     discrimination and in response was subjected to retaliation. Plaintiff JONES repeatedly

22     complained to Operations Manager John Wonderland that he was too old to only throw cases,

23     and in response was told, "tough, do it or you will be written up", and "I don't care". Plaintiff

24     JONES also complained to Human Resources, and in response was told to keep up or he would

25     be written up and that "maybe you should find another line of work". No investigation was

26     done, and in response Plaintiff was retaliated against by being subjected to further harassment

27     and further discrimination, including being given pre-textual write ups, being denied breaks,

28     and other conduct according to proof.

<div align="center">-23-</div>

EXHIBIT ___A___ PAGE __56__

92.     Plaintiff JONES is informed and believe that such conduct was in retaliation for Plaintiff JONES protesting illegal discrimination.  Such conduct violates *Government Code* §12940(h).

93.     The Employer Defendants' retaliatory conduct legally and directly caused Plaintiff JONES to suffer damages of emotional distress, past and future, in excess of the minimum jurisdiction of this Court subject to proof at the time of trial.

94.     Plaintiff JONES is entitled to recover attorneys' fees pursuant to the provisions of *Government Code* §12940 et seq.

95.     The afore pled conduct caused Plaintiff JONES to lose wages and fringe benefits in an amount according to proof.

96.     The afore pled conduct caused Plaintiff JONES to incur medical expenses past and future according to proof.

97.     The afore pled conduct constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes, and thereon alleges, that the Employer Defendants had advanced knowledge of the unfitness of Richard Latinian and John Wonderland but employed them nonetheless with a conscious disregard of the rights and safety of the Plaintiff and others, or ratified or authorized the said conduct. Plaintiff is further informed and believes, and thereon alleges, that this advance knowledge, or act of oppression, fraud, or malice, or act of ratification or authorization were on the part of a managing agent acting on behalf of the Employer Defendants.  Plaintiff is informed and believes, and thereon alleges, that Richard Latinian and John Wonderland were at all times managing agents employed by the Employer Defendants.

## FIFTH CAUSE OF ACTION
## FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF FEHA
### (*Government Code* §12940(n))
**By Plaintiffs VALADEZ and TALTON Against all Defendants**

-24-

EXHIBIT __A__ PAGE __57__

98.   Plaintiffs VALADEZ and TALTON re-allege and incorporate by reference paragraphs 1 through 97 of the Complaint, and each of them, as though fully set forth herein.

99.   Plaintiffs VALADEZ and TALTON were at all times physically disabled within the meaning of FEHA, all as afore pled.  Alternatively, the Employer Defendants perceived Plaintiffs as being physically disabled.  Plaintiffs VALADEZ and TALTON were qualified injured workers under the FEHA because they could each do the essential functions of his job, or another job that each was qualified for and that was available, either with or without reasonable accommodations.

100.   *Government Code* §12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations.  The employer's failure to do so is a separate violation of FEHA.

## JOSE VALADEZ

101.   After being demoted from a forklift operator and while doing his new job of breakage, in or around September 2007, Plaintiff VALADEZ suffered a serious injury to his left knee.

102.   Plaintiff VALADEZ was released by his doctor to return to work in approximately October 2007, with some limitations and need for accommodations.  The Employer Defendants were aware of the fact that Plaintiff had been released by his physician.

103.   The Employer Defendants, after Plaintiff had been released in October 2007, failed to enter into the required good faith interactive process with him, to determine effective reasonable accommodations.

104.   The Employer Defendants, acting through Branch Manager John Wonderland, told Plaintiff that they could not accommodate him.  Instead, the Employer Defendants insisted that Plaintiff perform his normal job without any accommodations.  Plaintiff VALADEZ was required to exceed his limitations.  The Employer Defendants refused to accommodate Plaintiff VALADEZ.  As a result, his disability and injury became worse.

-25-

EXHIBIT _A_ PAGE _55_

105.  Due to the fact that he was not being accommodated, Plaintiff VALADEZ' disability and injuries became worse.  As a result he was required to take another medical leave in April 2008.

106.  Plaintiff VALADEZ was thereafter released by his doctor to return to work with some limitations and need for accommodations.  The Employer Defendants were aware of the fact that Plaintiff had been released by his physician.

107.  The Employer Defendants, after Plaintiff VALADEZ had been released subsequent to April 2008, failed to enter into the required good faith interactive process with him, to determine effective reasonable accommodations.

108.  The Employer Defendants, after Plaintiff had been released subsequent to April 2008, refused to accommodate him.

## LEONARD TALTON

109.  Plaintiff TALTON, in or about August 2005, suffered injuries to his neck, right shoulder, back and wrist, including injuries to various discs, and as a result was required to go out on a medical leave.

110.  Plaintiff TALTON was released by his doctor to return to work in approximately September 2007, after surgery, with some limitations and need for accommodations.  The Employer Defendants were aware of the fact that Plaintiff had been released by his physician.

111.  The Employer Defendants, after Plaintiff TALTON had been released, failed to enter into the required good faith interactive process with him, to determine effective reasonable accommodations.

112.  The Employer Defendants, acting through Richard Latinian and John Wonderland, told Plaintiff that they could not accommodate him unless he had "a full release".  Plaintiff TALTON, not knowing what to do, obtained a full release from his physician.  The Employer Defendants refused to accommodate Plaintiff TALTON, and instead demoted him from a forklift operator to throwing cases.  As a result, his disability and injury became worse.

113.  Plaintiff TALTON then engaged in the demoted and physically demanding job of throwing cases for several months, despite needing accommodations for his disabilities.  This

-26-

EXHIBIT ___A___  PAGE __59__

1    made his injuries and disabilities worse.  In February 2008 , as a proximate result of said illegal

2    discrimination and failure to accommodate, Plaintiff TALTON suffered a series of strokes.

3         114.  Said Violation of FEHA caused Plaintiffs VALADEZ and TALTON to suffer

4    damages of emotional distress, past and future, in excess of the minimum jurisdiction of this

5    Court subject to proof at the time of trial.

6         115.  Plaintiffs VALADEZ and TALTON are entitled to recover attorneys' fees

7    pursuant to the provisions of *Government Code* §12940 et seq.

8         116.  The afore pled conduct caused Plaintiffs VALADEZ and TALTON to lose wages

9    and fringe benefits in an amount according to proof.

10        117.  The afore pled conduct caused Plaintiffs VALADEZ and TALTON to incur

11   medical expenses past and future according to proof.

12        118.  Said Violation of FEHA caused Plaintiffs VALADEZ and TALTON to suffer from

13   an exacerbation of their disabilities and physical condition, and their disabilities and injuries

14   became worse as a result all to their damage in an amount according to proof.

15        119.  The afore pled conduct constitutes oppression, fraud, and malice thereby entitling

16   each Plaintiff to an award of punitive damages.  Plaintiffs are informed and believe, and thereon

17   allege, that the Employer Defendants had advanced knowledge of the unfitness of Richard

18   Latinian and John Wonderland but employed them nonetheless with a conscious disregard of

19   the rights and safety of the Plaintiffs and others, or ratified or authorized the said conduct.

20   Plaintiffs are further informed and believe, and thereon allege, that this advance knowledge, or

21   act of oppression, fraud, or malice, or act of ratification or authorization were on the part of a

22   managing agent acting on behalf of the Employer Defendants.  Plaintiffs are informed and

23   believe, and thereon allege, that Richard Latinian and John Wonderland were at all times

24   managing agents employed by the Employer Defendants.

25   ///

26   ///

27   ///

28

-27-

EXHIBIT  A  PAGE 60

## SIXTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA

#### (Government Code §12940(m))

#### By Plaintiffs VALDEZ and TALTON Against All Defendants

120.   Plaintiffs VALADEZ and TALTON re-allege and incorporate by reference paragraphs 1 through 119 of the Complaint, and each of them, as though fully set forth herein.

121.   Plaintiffs VALADEZ and TALTON were at all times physically disabled within the meaning of FEHA, all as afore pled.  Alternatively, the Employer Defendants perceived Plaintiffs as being physically disabled.  Plaintiffs VALADEZ and TALTON were qualified injured workers under the FEHA because they could each do the essential functions of their jobs, or another job that each was qualified for and that was available, either with or without reasonable accommodations.

122.   Government Code §12940(m) requires an employer to provide reasonable accommodations to employees with known physical disabilities.  The Employer also has an affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

### JOSE VALADEZ

123.   After being demoted from a forklift operator and while doing his new job of breakage, in or around September 2007, Plaintiff VALADEZ suffered a serious injury to his left knee.

124.   Plaintiff VALADEZ was released by his doctor to return to work in approximately October 2007, with some limitations and need for accommodations.  The Employer Defendants were aware of the fact that Plaintiff had been released by his physician.

125.   The Employer Defendants, acting through Branch Manager John Wonderland, told Plaintiff VALADEZ that they could not accommodate him.  Instead, the Employer Defendants insisted that Plaintiff perform his normal job without any accommodations.  Plaintiff VALADEZ was required to exceed his limitations.  The Employer Defendants refused to accommodate Plaintiff VALADEZ.  As a result, his disability and injury became worse.

-28-

126.   Due to the fact that he was not being accommodated, Plaintiff VALADEZ' disability and injuries became worse.  As a result he was required to take another medical leave in April 2008.

127.   Plaintiff VALADEZ was thereafter released by his doctor to return to work with some limitations and need for accommodations.  The Employer Defendants were aware of the fact that Plaintiff had been released by his physician.

128.   The Employer Defendants, after Plaintiff VALADEZ had been released subsequent to April 2008, refused to accommodate him.

## LEONARD TALTON

129.   Plaintiff TALTON, in or about August 2005, suffered injuries to his neck, right shoulder, back and wrist, including injuries to various discs, and as a result was required to go out on a medical leave.

130.   Plaintiff TALTON was released by his doctor to return to work in approximately September 2007, after surgery, with some limitations and need for accommodations.  The Employer Defendants were aware of the fact that Plaintiff had been released by his physician.

131.   The Employer Defendants, acting through Richard Latinian and John Wonderland, told Plaintiff that they could not accommodate him unless he had "a full release".  Plaintiff TALTON, not knowing what to do, obtained a full release from his physician.  The Employer Defendants refused to accommodate Plaintiff TALTON, and instead demoted him from a forklift operator to throwing cases.  As a result, his disability and injury became worse.

132.   Plaintiff TALTON then engaged in the demoted and physically demanding job of throwing cases for several months, despite needing accommodations for his disabilities.  This made his injuries and disabilities worse.  In February 2008, as a proximate result of said illegal discrimination and failure to accommodate, Plaintiff TALTON suffered a series of strokes.

133.   The Employer Defendants and each of them independently violated FEHA by refusing to accommodate Plaintiff VALADEZ' and Plaintiff TALTON's disabilities, in violation of *Government Code* §12940(m).

-29-

EXHIBIT ___A___ PAGE _62_

134.   Said Violations of FEHA caused Plaintiffs VALADEZ and TALTON to suffer damages of emotional distress, past and future, in excess of the minimum jurisdiction of this Court subject to proof at the time of trial.

135.   Plaintiffs VALADEZ and TALTON are entitled to recover attorneys' fees pursuant to the provisions of *Government Code* §12940 et seq.

136.   The afore pled conduct caused Plaintiffs VALADEZ and TALTON to lose wages and fringe benefits in an amount according to proof.

137.   The afore pled conduct caused Plaintiffs VALADEZ and TALTON to incur medical expenses past and future according to proof.

138.   Said violation of FEHA caused Plaintiffs VALADEZ and TALTON to suffer from an exacerbation of their disabilities and physical conditions, and their disabilities and injuries became worse as a result all to their damage in an amount according to proof.

139.   The afore pled conduct constitutes oppression, fraud, and malice thereby entitling each Plaintiff to an award of punitive damages.  Plaintiffs are informed and believe, and thereon allege, that the Employer Defendants had advanced knowledge of the unfitness of Richard Latinian and John Wonderland but employed them nonetheless with a conscious disregard of the rights and safety of the Plaintiffs and others, or ratified or authorized the said conduct. Plaintiffs are further informed and believe, and thereon allege, that this advance knowledge, or act of oppression, fraud, or malice, or act of ratification or authorization were on the part of a managing agent acting on behalf of the Employer Defendants.  Plaintiffs are informed and believe, and thereon allege, that Richard Latinian and John Wonderland were at all times managing agents employed by the Employer Defendants.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each one of them, as follows:

## ON ALL CAUSES OF ACTION

1.     For damages for lost employment income and benefits, past and future, according to proof;

-30-

1    2.    For damages for medical costs and services, past and future, according to proof;

2    3.    For general damages for pain and suffering according to proof;

3    4.    For damages for the exacerbation and worsening of their medical conditions and

4    injuries according to proof;

5    5.    For attorneys fees according to proof in all causes of action except the third;

6    6.    For punitive damages according to proof;

7    7.    For costs of suit incurred herein; and,

8    8.    For such other and further relief as the court deems just and proper.

9

10    Dated: March 19, 2009            LAW OFFICES OF MICHAEL F. BALTAXE

11                              TIMOTHY B. SOTTILE, APLC

12

13                     By:     _Michal R Bat_

14                          MICHAEL F. BALTAXE
Attorneys for Plaintiffs

15                          ROBERT M. WARD, ROBERT E. JONES,
JOSE M. VALADEZ, LEONARD

16                          TALTON, GARY SUHAY, and ALFONSO
W. JANUARY

17

18                    **REQUEST FOR JURY TRIAL**

19         Plaintiffs, and each one of them, hereby request a trial by jury.

20

21    Dated: March 19, 2009            LAW OFFICES OF MICHAEL F. BALTAXE

22                              TIMOTHY B. SOTTILE, APLC

23

24                     By:    _Michel F K_

25                          MICHAEL F. BALTAXE
Attorneys for Plaintiffs

26                          ROBERT M. WARD, ROBERT E.
JONES, JOSE M. VALADEZ, LEONARD

27                          TALTON, GARY SUHAY, and
ALFONSO W. JANUARY

28

COMPLAINT

EXHIBIT __A__ PAGE __64__

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael F. Baltaxe    SBN:129532<br>LAW OFFICES OF MICHAEL F. BALTAXE<br>31365 Oak Crest Drive, Suite 220<br><br>Westlake Village, CA 913691<br>TELEPHONE NO: (818) 889-0050   FAX NO: (818) 889-6050<br>ATTORNEY FOR *(Name)*: Plaintiffs, ROBERT M. WARD, et al. | **FILED**<br>Los Angeles Superior Court<br><br>MAR 19 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: WARD, et al. v. CADBURY SCHWEPPES, et al.

CASE NUMBER: BC410112

| CIVIL CASE COVER SHEET | | Complex Case Designation | JUDGE: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

**4.** Number of causes of action *(specify)*:

**5.** This case [ ] is [X] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 19, 2009

Michael F. Baltaxe    SBN:129532
(TYPE OR PRINT NAME)

▶ Michael F.B. (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10



EXHIBIT ___A___ PAGE _65_

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

EXHIBIT ___A___ PAGE ___

| SHORT TITLE: | CASE NUMBER |
|---|---|
| WARD, et al. v. CADBURY SCHWEPPES, et al. | BC 410112 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 25 ☐ HOURS/☑ DAYS.

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016   Intellectual Property | 2., 3. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

EXHIBIT  A  PAGE  67

| SHORT TITLE: WARD, et al. v. CADBURY SCHWEPPES, et al. | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons -See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A5025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 6. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 8. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

EXHIBIT   A   PAGE 02

| SHORT TITLE: | CASE NUMBER |
|---|---|
| WARD, et al. v. CADBURY SCHWEPPES, et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| | Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 9.<br>2., 9. |

CIV 109 03-04<br>LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0<br>Page 3 of 4

EXHIBIT __A__ PAGE 69

| SHORT TITLE: | CASE NUMBER |
|---|---|
| WARD, et al. v. CADBURY SCHWEPPES, et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1.☑2.☑3.☐4.☐5.☐6.☐7.☐8.☐9.☐10. | ADDRESS:<br>1166 Arroyo Avenue |
|---|---|
| CITY:<br>San Fernando | STATE:<br>CA | ZIP CODE:<br>91324 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: March 19, 2009

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form JC 982.2(b)(1).

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 _____ (eff. Date).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT  A  PAGE  70

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

### CV09- 3279 VBF (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**CIVIL COVER SHEET**

## I. (a) PLAINTIFFS (Check box if you are representing yourself ☐)

Robert M. Ward, Robert E. Jones, Jose M. Valadez, Leonard Talton, Gary Suhay, and Alfonso W. January

## DEFENDANTS

Cadbury Schweppes Bottling Group, et.al.

**(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same.)

Michael F. Baltaxe, Esq.
Timothy B. Sottile, Esq.
31365 Oak Crest Dr. Suite 220
Westlake Village, CA 91361
(818) 889-0050

Attorneys (If Known)

Gerald E. Hawxhurst
Baker Marquart Crone & Hawxhurst LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, CA 90024
(424) 652-7800

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ Per removal over 75K

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

## FOR OFFICE USE ONLY: Case Number: CV09-03279

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2
CCD-JS44

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date May 8, 2009

Gerald E. Hawxhurst

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |