Gerald E. Hawxhurst (Bar No. 220327)
  jhawxhurst@bmchlaw.com
Daryl M. Crone (Bar No. 209610)
  dcrone@bmchlaw.com
BAKER MARQUART CRONE & HAWXHURST LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California  90024
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

Attorneys for Defendants
The American Bottling Company (sued erroneously as American Bottling Company), for itself and as successor in interest by merger to Cadbury Schweppes Bottling Group, Inc. (sued erroneously as Cadbury Schweppes Bottling Group) and Seven-Up/RC Bottling Company of Southern California, Inc. (sued erroneously as 7-UP/RC Bottling Company of Southern California), and Dr Pepper Snapple Group, Inc. (sued erroneously as Dr. Pepper Snapple Group)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| ROBERT M. WARD, et al., | CASE NO. CV09-3279 VBF (CWx) |
|---|---|
| Plaintiffs, | **JOINT STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| vs. | |
| CADBURY SCHWEPPES BOTTLING GROUP, et al., | **NOTE CHANGES MADE BY COURT** |
| Defendants. | |

{00026320.DOC - v1}

JOINT PROTECTIVE ORDER

# STIPULATED PROTECTIVE ORDER

The Parties, by and through their respective counsel, hereby agree and stipulate as follows:

1. **Scope of Order.**  This Joint Stipulation and Protective Order Re Confidential Information ("Stipulated Protective Order") governs the handling of all material produced, given, or filed during discovery or other proceedings in this action.  The provisions of this Stipulated Protective Order shall apply to the Parties in this action, and any other Person producing, receiving, or disclosing Material in this action.

2. **Definitions.**

   (a) As a general guideline, Materials designated as "Confidential" shall be those things that may be disclosed to the Parties for purposes of this litigation, but which must be protected from disclosure to third parties.  Absent a specific order from this Court, Materials designated as "Confidential" shall be used by the Parties solely in connection with this litigation or other litigations, administrative proceedings and the like between any plaintiff, on the one hand, and defendants, on the other, and not for any other litigations or proceedings or any business, competitive, or governmental purpose or function, and such Materials shall not be disclosed to anyone except as provided herein.

   (b) "Protected Material" means any type or classification of Material that is designated as "Confidential" by the producing person and that contains trade secrets, future business plans, information regarding products not released or announced to the public, nonpublic proprietary product development information, customer lists, nonpublic financial information, nonpublic business operations

information of a confidential nature, personnel information in an employee's confidential employment file, and/or information protected by the right to privacy. Publicly available information is not Protected Material. The Parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as Protected Material any document or category of information that they in good faith believe is entitled to the designation **pursuant to the standards of F. R. Civ. P. 26(c)** even if it is not expressly mentioned in the definition above.

(c)  "Confidential Information" means any information contained in Protected Material, as defined above, and only the limited portions of briefs, memoranda, exhibits, or testimony, or the limited portions of any other writing filed with the Court that mentions, discusses, or refers to any Protected Material.

(d)  "Material" means papers, documents, tapes, testimony, and other information produced, given, or filed during discovery or other proceedings in this action, including, but not limited to, answers to interrogatories, responses to requests for admissions, deposition testimony, information provided during any settlement discussions, and all copies, excerpts, summaries, and information derived from any such papers or documents.

(e)  "Person" means a natural person, firm, association, organization, partnership, business, public entity, or other person acting on behalf of such person.

(f)  "Party" or "Parties" means Plaintiffs Robert M. Ward, Robert E. Jones, Jose M. Valadez, Leonard Talton, Gary Suhay and Alfonso W. January, and Defendants The American Bottling Company (sued

1   erroneously as American Bottling Company), for itself and as
2   successor in interest by merger to Cadbury Schweppes Bottling
3   Group, Inc. (sued erroneously as Cadbury Schweppes Bottling
4   Group) and Seven-Up/RC Bottling Company of Southern
5   California, Inc. (sued erroneously as 7-UP/RC Bottling Company of
6   Southern California), and Dr Pepper Snapple Group, Inc. (sued
7   erroneously as Dr. Pepper Snapple Group) (including anyone else
8   acting upon their behalf or at their direction or control), or any other
9   Person who is joined in this action as a party.

10   (g) "Producing Person" means any Person, as defined above,
11   producing or disclosing Material in this action.

12   (h) "Discovering Party" means any Party that requests and receives
13   Materials in this action through the discovery process.

14   3.   **Designation of Protected Material.**  A Producing Party may designate
15   Discovery Material as "Confidential" in the following manner:

16   (a) <u>Designation of Documents</u>:  Any document (defined herein as
17   including, but not limited to:  exhibits, documents and things
18   (including computer diskettes and other storage media) produced in
19   response to discovery requests, interrogatory responses, responses to
20   requests for admission, motions, briefs, memoranda, and copies of
21   any of the foregoing) produced or given by any Producing Person
22   during discovery, hearings, or trial in this case which sets forth or
23   contains any Confidential Information may be so designated by
24   affixing the legend "Confidential" on each page containing
25   Confidential Information at the time such document is produced or
26   provided, or as soon thereafter as the Producing Person seeking
27   protection becomes aware of the confidential nature of the
28   document.  In addition, even if a party fails to affix "Confidential"

1   to a particular document that it produces in this action, if such
2   document was treated by the parties as "Confidential" pursuant to
3   Section 5 of their Application Services Provider Customer
4   Agreement, or if it would have been treated by the parties as such,
5   the document in question shall be protected as "Confidential" and
6   maintained as Confidential Information in accordance with the
7   terms of this Protective Order (so as to minimize the burden on the
8   parties when producing materials that are potentially relevant to this
9   action).

10   (b) <u>Designation of Deposition Testimony</u>:  Deposition testimony may
11   be designated "Confidential" by oral designation on the record, or
12   within five (5) days after the transcript of such deposition is mailed
13   (via overnight mail) to the designating Person.  The designating
14   Person shall instruct the court reporter to separately bind the
15   portions of the deposition transcript so designated, and to stamp the
16   word "Confidential" on each designated page of the transcript.
17   Pending expiration of this five-day period, all Parties shall treat all
18   deposition testimony and exhibits as if they had been designated as
19   "Confidential."

20   (c) <u>Treatment of Court-Filed Materials.</u>  **This order does not create a**
21   **right to filing under seal.**  A Party that intends to file with the
22   Court any information that another Party or non-party has
23   designated as "Confidential" shall comply with the ~~sealing and~~
24   ~~lodging~~ **lodging and filing** requirements of the Court's <u>Local Rules</u>
25   **regarding requests for filing under seal**. Where only a portion of
26   the submission or filing contains Confidential Information, only that
27   portion shall be ~~filed~~ **lodged for requested filing** under seal.  The
28   parties shall keep in confidence all copies of such Materials as

provided in this Order.

4. **Treatment of Protected Material.** Material designated "Confidential" may not be disclosed except as set forth in paragraph 5 below. Protected Material shall be kept in secure facilities, and access to those facilities shall be permitted only to those Persons having proper access thereto under this Stipulated Protective Order. Protected Material shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose. The restrictions on use of Protected Material set forth in this Order shall survive the conclusion of the litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Stipulated Protective Order.

5. **Access to Material Designated "Confidential."** Material designated "Confidential" may be disclosed only to the following:

(a) a Party;

(b) any officer, director, employee, or former employee of a Party;

(c) any officer, director, employee, or former employee of a parent, subsidiary, or affiliate of a Party;

(d) Counsel of record for any Party, including in-house counsel and consulting attorneys;

(e) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for any Party;

(f) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

(g) Personnel of copy service firms or attorney service firms retained by counsel in connection with this action;

(h) Any independent consultant or expert, not including a Party or a current or former employee of a Party, retained in connection with this action, provided that each such person first acknowledges in

writing, under oath, that he or she has read this Stipulated Protective Order and agrees to be bound by its terms.  This acknowledgment shall be made by execution of the Declaration in the form attached hereto as Exhibit A.  All such written acknowledgments shall be maintained by counsel making the disclosure of the Protected Material, and shall be provided to the opposing Party's counsel at the conclusion of this action; and

(i) Any other Person to whom the Producing Person agrees in writing.

6. **Examination of Third Party Witnesses.**  Any Person may be examined as a witness during a deposition concerning any Protected Material that appears on its face or from other documents or testimony to have been received or authored by that Person.  During examination, an examining Party may show such a witness such Protected Material.  If a Party wishes to examine a witness during a deposition concerning any Protected Material of another Person, and the witness has not previously received, authored, or otherwise had lawful access to such Protected Material, the examining Party shall first obtain the consent of the Producing Person who designated the Material, or their attorneys, if any, and shall require the witness to agree to maintain the confidentiality of the Protected Material in accordance with the terms of this Stipulated Protective Order by execution of the Declaration attached hereto as Exhibit A.

7. **Challenging Confidentiality Designations.**  By entering into this Stipulated Protective Order, no Party concedes that any Material designated as Protected Material has been properly so designated.  Should any Party object to any confidentiality designation, the objecting Party shall provide written notice of the basis for such objection to the Producing Party and shall attempt in good faith to resolve the objection informally with the Producing Party as soon as practicable.  If the objection cannot be informally resolved within a reasonable time, the objecting Party may move for an order determining whether the Materials are properly

designated.  **On any such motion, the designating party bears the burden of establishing good cause pursuant to F. R. Civ. P. 26(c).**  Until a motion is filed and resolved by the Court, all Materials shall be treated as Protected Materials.  The foregoing is without prejudice to the right of any Person to apply to the Court for modification of this Stipulated Protective Order or for a further protective order relating to Confidential Information.

8. **Confidentiality Obligations to Third Parties.**  In the event that information in the possession or control of a Person from whom discovery is sought involves the confidentiality rights of a non-party or that its disclosure would violate a Protective Order issued in another action, the Person with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information subject to the terms of this Stipulated Protective Order.  If the consent of the non-party cannot be obtained, the Person will notify the Party seeking discovery of:  (a) the existence of the information without producing such information; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party in and of itself does not violate any confidentiality obligation).  The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

9. **Inadvertent Disclosure of Confidential Information.**  Inadvertent failure to designate as Protected Material any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such designation is asserted promptly following discovery of the inadvertent failure.

10. **Disclosure to Plaintiffs.**  Plaintiffs represent that their counsel of record in this action are authorized to receive Confidential Information belonging to any Plaintiff, and that they are authorized to share such Confidential Information with all Plaintiffs joined in this case.

11. **Conclusion of Action.**  This Stipulated Protective Order, insofar as it

restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, including appeals, counsel for each Party shall either return to the Producing Person or destroy all Protected Materials, and shall designate in writing that all such materials have in fact been returned or destroyed. Notwithstanding the foregoing, counsel for the Parties need not return or destroy any Protected Material that becomes a part of the Court record in this action, by use as a trial exhibit, inclusion in a court filing, inclusion in any record on appeal, or otherwise.

12. **Inadmissibility.** This Stipulated Protective Order, the fact of its adoption or entry, and any provision of this Stipulated Protective Order or attached form shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce its terms. In any such enforcement proceeding, the prevailing party shall recover its reasonable attorneys' fees and expenses in maintaining such proceeding.

13. **Miscellaneous.** Nothing in this Order shall preclude any party from making any claim of privilege as to any information requested by another party.

REMAINDER OF PAGE INTENTIONALLY BLANK

Failure to designate Material as Protected Material shall not constitute a waiver of any other claim of privilege.

    IT IS SO STIPULATED.

DATED: September __, 2009    LAW OFFICES OF MICHAEL F. BALTAXE
TIMOTHY B. SOTTILE, APLC

By _____
   Timothy B. Sottile
   Attorneys for Plaintiffs
   Robert M. Ward, et al.

DATED: September __, 2009    BAKER MARQUART CRONE &
HAWXHURST LLP

By _____
   Gerald E. Hawxhurst
   Daryl M. Crone
   Attorneys for Defendants
   The American Bottling Company, et al.

### **ORDER**

    For good cause appearing, IT IS SO ORDERED.

Dated: January 19, 2010    *Carla M. Woehrle*
                                          UNITED STATES MAGISTRATE JUDGE

<u>Exhibit A</u>

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT M. WARD, et al., | ) | Case No. CV09-3279 VBF (CWx) _____ |
| Plaintiffs, | ) | |
| vs. | ) | **DECLARATION RE JOINT STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| CADBURY SCHWEPPES BOTTLING GROUP, et al., | ) | |
| Defendants._____ | ) | |
| _____ | ) | |

I, _____, declare as follows:

1. My address is

   _____.

2. I have received a copy of the Joint Stipulation and Protective Order Re Confidential Information ("Stipulated Protective Order") entered by the United States District Court in this lawsuit.

3. I have carefully read and I know the contents of the Stipulated Protective Order, and I agree to be bound by it. I specifically understand and agree that I shall not use or disclose, in public or private, any Protected Materials or Confidential Information or information derived therefrom without the prior written consent of the designating Party or as otherwise set forth in the Stipulated Protective Order or permitted or required by an order of the Court. I agree that I will not keep any originals or copies of any Materials designated "Confidential" for any purpose, unless such Materials were in my possession prior to the commencement of this litigation.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Name: _____

Date: _____

{00026320.DOC - v1}

-11-

JOINT PROTECTIVE ORDER