Michael F. Baltaxe (Bar No. 129532)
LAW OFFICES OF MICHAEL F. BALTAXE
4333 Park Terrace Drive, Suite 160
Westlake Village, California 91361
Phone: (818) 889-0050; Fax: (818) 889-6050; e-mail: mfbaltaxeforaol.com

Timothy B. Sottile (Bar No. 127026)
Wendy K. Marcus (Bar No. 248161)
TIMOTHY B. SOTTILE, APLC
4333 Park Terrace Drive, Suite 160
Westlake Village, California 91361
Phone: (818) 889-0050; Fax: (818) 889-6050; e-mail: tsottileforsottile-law.com

Attorneys for Plaintiffs (listed on signature page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. WARD, ROBERT E. JONES, JOSE M. VALADEZ, LEONARD TALTON, GARY SUHAY, and ALFONSO W. JANUARY, each an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CADBURY SCHWEPPES BOTTLING GROUP, a business entity, from unknown; CADBURY SCHWEPPES HOLDINGS INC., a business entity, form unknown; 7-UP/RC BOTTLING COMPANY OF SOUTHERN CALIFORNIA, a business entity, form unknown; DR. PEPPER SNAPPLE GROUP, a business entity, form unknown; AMERICAN BOTTLING COMPANY, a business entity, exact | **Case No.:  CV09-3279 DMG (CWx)**<br><br>The Hon. Judge Dolly M. Gee<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. ONE FOR THE EXCLUSION OF EVIDENCE OR ARGUMENT OF THE EXISTENCE OR AMOUNTS OF THE SETTLEMENTS OF PLAINTIFFS' WORKERS COMPENSATION CASES**<br><br>**Pretrial Conference:**<br>**Date: October 18, 2011**<br>**Time: 3:30 p.m.**<br>**Ctrm.: 7**<br><br>**Trial Date: November 15, 2011** |

MOTION IN LIMINE NO. ONE

unknown; and DOES 1-100, inclusive,

Defendants.

## I. INTRODUCTION

By this motion, Plaintiffs seek to exclude any evidence or argument regarding Plaintiffs' settlements and the amounts of such settlements of their respective worker's compensation cases. At trial Defendants Cadbury Schweppes Bottling Group, et al. ("Cadbury"), may seek to present evidence of such settlements or their respective amounts. All such testimony is irrelevant under FRE 402, or if deemed relevant, should be excluded as unduly prejudicial, confusing and a waste of time under FRE 403.

## II. ARGUMENT

Evidence is relevant if it makes any fact of consequence more or less probable than it would be without the evidence. If evidence does not meet the requirement of relevance it is not admissible. As described below, it is the Court's province, not the jury's, to decide whether there should be an offset, or the amount of any such offset, of the jury's verdict based on the settlement of a plaintiff's workers compensation action. Thus, evidence of the settlement of a workers compensation claim or the amount of such settlement is not relevant to the facts of consequence that the jury must decide in this case. Moreover, the admission of such evidence would only cause an undue consumption of time, create a substantial danger of undue prejudice, of confusing the issues, and misleading the jury.

Evidence relating to the existence of a worker's compensation claim may be relevant insofar as it explains how or why medical treatment was obtained from certain health care providers. However, the existence of any settlements, or the amounts of such settlements, are not relevant to what the jury must decide. Insofar as the

defendants are entitled to any offset of what a jury awards each plaintiff in its verdict, the court must perform that task and not the jury.

The jury can not consider a worker's compensation claim when determining the amount to award a Plaintiff. Pursuant to CACI No. 3963 the jury is told "[d]o not consider whether or not [plaintiff] received workers' compensation benefits for [his] injuries. If you decide in favor of [plaintiff], you should determine the amount of your verdict according to my instructions concerning damages." The CACI makes it clear that evidence of a workers compensation case settlement is irrelevant to the jury's determination of damages. Therefore, such evidence can only lead to confusion, and undue prejudice. The use notes to CACI No. 3963 state that the judge can make necessary deductions once the jury has rendered its verdict should "double recovery" become an issue. *See also, Engle v. Endlich*, 9 Cal App 4th 1152, 12 Cal. Rptr. 145 (1992) (Trial Court followed the proper procedure in determining a worker's compensation benefit offset from a jury verdict under *Witt v. Jackson* in a third party negligence case when it calculated the amount of the offset upon motion after the jury

DATED: September 27, 2011            LAW OFFICES OF MICHAEL F. BALTAXE

                                      TIMOTHY B. SOTTILE, APLC


                                      By: _____
                                         TIMOTHY B. SOTTILE
                                         Attorneys for Plaintiffs
                                         Robert M. Ward, Robert E. Jones, Jose M.
                                         Valadez, Leonard Talton, Gary Suhay, and
                                         Alfonso W. January

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age and not a party to the within action. My business address is 4333 Park Terrace Drive, Suite 160, Westlake Village, CA 91361.

On September 27, 2011 I served, in the manner indicated below, the foregoing document described as MOTION IN LIMINE NO. ONE in the interested parties in this action by placing true copies thereof enclosed in a sealed envelopes, at Westlake Village, California, addressed as follows (or as stated on the attached Proof of Service Mailing List):

| | |
|---|---|
| Gerald E. Hawxhurst, Esq.<br>Crone Hawxhurst LLP<br>10880 Wilshire Boulevard<br>Suite 1150<br>Los Angeles, California 90024<br>Tel: (310) 893-5150<br>Fax: (310) 893-5195 | **Attorneys for Defendants** |

[] **(BY MAIL)** I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail at Westlake Village, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit (C.C.P. § 1013(a)).

[] **(BY FACSIMILE)** The document listed above was transmitted via facsimile to the facsimile numbers set forth above, or as stated on the attached Proof of Service Mailing List. The transmission was reported as complete and without error (C.C.P. § 1013(e)(f)).

[] **(BY PERSONAL SERVICE)** I caused such envelopes to be delivered by hand to the offices of the addressees(C.C.P. § 1011(a)(b)).

[X] **(BY EMAIL)** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused such document to be emailed to each of the aforementioned electronic mail addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

\* \* \* \* \*

**(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED this 26th day of September, 2011 at Westlake Village, California.

_____
Janet Anisman