Gerald E. Hawxhurst (Bar No. 220327)
 jerry@cronehawxhurst.com
Daryl M. Crone (Bar No. 209610)
 daryl@cronehawxhurst.com
Joshua P. Gelbart (Bar No. 274021)
 jgelbart@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Suite 1150
Los Angeles, California 90024
Telephone:  (310) 893-5150
Facsimile:   (310) 893-5195

Attorneys for Defendants
The American Bottling Company and
Dr Pepper Snapple Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT M. WARD, et al.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CADBURY SCHWEPPES BOTTLING GROUP, et al.,<br><br>        Defendants. | CASE NO. CV09-3279 DMG (CWx)<br><br>**DEFENDANTS' *AMENDED* PROPOSED JURY INSTRUCTIONS**<br><br>Pretrial Conf. Date:    October 18, 2011<br>Pretrial Conf. Time:    3:30 p.m.<br>Ctrm.:    7 |

## **Index of Defendants' Proposed Jury Instructions**

| No. | Title | Source | Page No. |
|-----|-------|--------|----------|
| 1. | ADVERSE EMPLOYMENT ACTION | <u>Akers v. County of San Diego</u>, 95 Cal. App. 4th 1441, 1455, 116 Cal. Rptr. 2d 602 (2002) | 3 |
| 2. | INTOLERABLE CONDITIONS | <u>Turner v. Anheuser-Busch, Inc.</u>, 7 Cal. 4th 1238, 1246, 1247 & 1251-52, 32 Cal. Rptr. 2d 223 (1994 <u>Montero v. AGCO Corp.</u>, 192 F.3d 856, 861 (9th Cir. 1999); <u>Tiner v. Greenberg Traurig, P.A.</u>, 2001 WL 1262616, at *6 (C.D. Cal. Sept. 10, 2001) | 8 |
| 3. | FAILURE TO PREVENT DISCRIMINATION— PARALLEL CLAIM | <u>Trujillo v. North County Transit Dist.</u>, 63 Cal. App. 4th 280, 289, 73 Cal. Rptr. 2d 596 (1998) | 11 |
| 4. | REASONABLE ACCOMMODATION—NO REQUIREMENT TO CREATE POSITION | <u>Watkins v. Ameripride Servs.</u>, 375 F.3d 821, 828 (9th Cir. 2004) | 14 |
| 5. | REASONABLE ACCOMMODATION—NO REQUIREMENT TO PROVIDE BEST ACCOMMODATION | <u>Soldinger v. N.W. Airlines</u>, 51 Cal. App. 4th 345, 370, 58 Cal. Rptr. 2d 747 (1996) | 17 |
| 6. | WORKERS' COMPENSATION PREEMPTION | CACI 2800; <u>Gibbs v. Am. Airlines, Inc.</u>, 74 Cal. App. 4th 1, 14, 87 Cal. Rptr. 2d 554 (1999) | 20 |
| 7. | AFTER-ACQUIRED EVIDENCE | CACI 2506 | 23 |

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

| | | | |
|---|---|---|---|
| 8. | ESTOPPEL | <u>Kennedy v. Applause, Inc.</u>, 90 F.3d 1477, 1481 & n.3 (9th Cir. 1996); <u>In re Clawson</u>, 434 B.R. 556, 566 (N.D. Cal. 2010) | 26 |
| 9. | RES JUDICATA | <u>Planning and Conservation League v. Castaic Lake Water Agency</u>, 180 Cal. App. 4th 210, 226, 103 Cal. Rptr. 3d 124 (2009) | 29 |
| 10. | SETTLEMENT AND RELEASE | <u>Vahle v. Barwick</u>, 93 Cal. App. 4th 1323, 1328-29 (2001) | 32 |
| 11. | STATUTE OF LIMITATIONS | <u>Cal. Gov't Code</u> § 12960; <u>Alch v. Super. Ct.</u>, 122 Cal. App. 4th 339, 377, 19 Cal. Rptr. 3d 29 (2004) | 35 |
| 12. | UNCLEAN HANDS | <u>Kendall-Jackson Winery, Ltd. v. Superior Court</u>, 76 Cal. App. 4th 970, 978, 90 Cal. Rptr. 2d 743 (1999); <u>Dickson, Carlson & Campillo v. Pole</u>, 83 Cal. App. 4th 436, 446, 99 Cal. Rptr. 678, 686 (2000) | 38 |
| 13. | TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS | Ninth Circuit Manual of Model Civil Jury Instructions (2007 ed.), No. 1.5 | 41 |
| 14. | NOMINAL DAMAGES | Ninth Circuit Manual of Model Civil Jury Instructions (2007 ed.), No. 5.6 | 44 |
| 15. | DAMAGES ON MULTIPLE LEGAL THEORIES | CACI 3934 | 47 |
| 16. | SUBSTANTIAL FACTOR TEST | <u>Huffman v. Interstate Brands Cos.</u>, 121 Cal. App. 4th 679, 696, 17 Cal. Rptr. 3d 397 (2004). | 51 |

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1
2

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1.**

**DEFINITION OF AN "ADVERSE EMPLOYMENT ACTION"**

3

4    To qualify as an "adverse employment action," an action must result in a
5    substantial adverse change in the terms and conditions of the employee's
6    employment.  A change that is merely contrary to the employee's interests or not to
7    the employee's liking is insufficient.  Similarly, oral or written criticism of an
8    employee, even harsh criticism, is insufficient unless the employer subsequently
9    uses the evaluation as a basis to substantially alter the terms or conditions of
10   employment.  Furthermore, requiring an employee to perform work within his job
11   responsibilities or failing to give the employee preferential treatment is not an
12   "adverse employment action."

13

14   Authority:  <u>Akers v. County of San Diego</u>, 95 Cal. App. 4th 1441, 1455-57, 116 Cal.
15   Rptr. 2d 602 (2002).

16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 1**

2      This instruction is confusing and an incomplete special instruction already

3  covered by the Ninth Circuit Model Civil Jury Instruction 10.4A ("materially affects

4  the terms and conditions of employment") CACI 2500, 2505 and *Yanowitz v.*

5  *L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1052-1056 ("an adverse employment

6  action must materially affect the terms, conditions, or privileges of employment").

7  This instruction is also an improper statement of law and unduly prejudicial in favor

8  of Defendant.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' REPLY RE:  INSTRUCTION NO. 1**

2   Although Plaintiffs claim that this instruction is "already covered by the Ninth

3   Circuit Model Civil Jury Instruction 10.4A," Plaintiffs have *never* proposed that the

4   Court give that instruction to the jury (and it is inapposite to a FEHA claim in any

5   event).

6   On the other hand, the instructions that Plaintiffs have proposed incorporate

7   only the general standard that an adverse employment action must "materially affect

8   the terms, conditions, or privileges of employment."  Nowhere do Plaintiffs propose

9   to instruct the jury concerning precisely what is or *is not* an adverse employment

10  action.  Defendants will be prejudiced absent clarification of the point.

11  The court in <u>Akers v. County of San Diego</u>, 95 Cal. App. 4th 1441, 116 Cal.

12  Rptr. 2d 602 (2002), found instructional error where the trial court's instruction "left

13  room for the jury to conclude that a mere change in the conditions of employment

14  (i.e., the denial of a transfer with the same pay and benefits, or the annoyance and

15  embarrassment inherent in a negative performance review) was enough to constitute

16  an adverse employment action."  <u>Id.</u> at 1459.  The Court of Appeal held that the trial

17  court should have instead precisely defined what constitutes an adverse employment

18  action:  "[T]o a layperson, the phrase 'adverse employment action' could reasonably

19  include anything that happens to an employee that is not in his or her favor.  This

20  definition is inconsistent with the legal meaning, which more narrowly includes only

21  adverse actions that substantially and materially affect the terms and conditions of

22  an employee's job."  <u>Id.</u>

23  Every part of this instruction is supported by authority:

| **Language in Instruction** | **Authority** |
| --- | --- |
| "To qualify as an 'adverse employment action,' an action must result in a substantial adverse | "[T]o be actionable, the retaliation must result in a substantial adverse change in the terms and conditions |

28

- 5 -

| | |
|---|---|
| change in the terms and conditions of the employee's employment." | of the plaintiff's employment." <u>Akers</u>, 95 Cal. App. 4th at 1455. |
| "A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient." | "A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient." <u>Id.</u> |
| "[O]ral or written criticism of an employee, even harsh criticism, is insufficient unless the employer subsequently uses the evaluation as a basis to substantially alter the terms or conditions of employment." | "We agree that a mere oral or written criticism of an employee or a transfer into a comparable position does not meet the definition of an adverse employment action under FEHA. […] Thus, although written criticisms alone are inadequate to support a retaliation claim, where the employer wrongfully uses the negative evaluation to substantially and materially change the terms and conditions of employment, this conduct is actionable." <u>Id.</u> at 1457 (citation omitted). |
| "[R]equiring an employee to perform work within his job responsibilities or failing to give the employee preferential treatment is not an "adverse employment action." | <u>Malais v. Los Angeles City Fire Dept.</u>, 150 Cal. App. 4th 350, 358, 58 Cal. Rptr. 3d 444 (2007) ("None of the cases cited above … found adverse employment actions in transfers that involved working in |

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

assignments the employee preferred less than other assignments but with equal pay, benefits, promotional opportunities, and no hostile environment.  None of the cases supports the proposition that assignment to a less-preferred position alone constitutes an adverse employment action.”); Thomas v. Dep't of Corrections, 77 Cal. App. 4th 507, 512, 91 Cal. Rptr. 2d 770 (2000) (general assertions of being “assigned more duties than other employees” is insufficient as a matter of law).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 2.
## DEFINITION OF "INTOLERABLE CONDITIONS"

Plaintiff Robert Ward claims he was constructively discharged.  A constructive discharge can be found only if the employee's working conditions were intolerable or aggravated at the time of the employee's resignation. "Intolerable conditions" means that the conditions giving rise to a resignation were sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his employer.  Single, trivial, or isolated acts of misconduct are insufficient. In addition, the mere existence of illegal conduct in a workplace does not, without more, render employment conditions intolerable to a reasonable employee.  The proper focus is on whether the resignation was coerced, not whether it was simply one rational option for the employee.

Authority:  Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1246, 1247, 1251-52 & 1254, 32 Cal. Rptr. 2d 223 (1994); see also Montero v. AGCO Corp., 192 F.3d 856, 861 (9th Cir. 1999) (finding no constructive discharge giving rise to Title VII claim because, among other things:  "By the time Plaintiff resigned she was not subject to intolerable working conditions.  In her deposition, plaintiff testified that [her superior's] sexually harassing behavior had ceased three to four months before she left [defendant]."); Tiner v. Greenberg Traurig, P.A., 2001 WL 1262616, at *6 (C.D. Cal. Sept. 10, 2001) ("[Plaintiff] can show no constructive discharge causally related to the claimed billing fraud.  The fact that the alleged billing fraud, if it occurred, may have been unlawful—even criminally—is not a sufficient basis for quitting.").

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 2**

This special instruction regarding "Intolerable conditions" is a misleading instruction that will confuse the jury.  Moreover, this instruction is already covered by CACI 2402 and 2432, which cite to *Valdez v. City of Los Angeles* (1991) 231 Cal.App.3d 1043, 1056 ("whether conditions were so intolerable as to justify a reasonable employee's decision to resign is normally a question of fact") and *Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1244-1245 ("…a reasonable person in the employee's position would be compelled to resign") regarding intolerable conditions for purposes of constructive termination. This instruction is also unduly prejudicial and one-sided in favor of Defendant.

1    **DEFENDANTS' REPLY RE:  INSTRUCTION NO. 2**

2         Although Plaintiffs claim that this instruction is "already covered by CACI

3    2402 and 2432," Plaintiffs have *never* proposed that the Court give those

4    instructions to the jury.  That is because, by its own terms, CACI 2402, for example,

5    is only given in cases where the plaintiff has alleged constructive breach of an

6    employment contract (which Ward doesn't allege here).

7         CACI 2432 is given where the plaintiff has alleged a violation of public

8    policy that he was required to "endure."  Plaintiffs instead propose to employ CACI

9    2431, which is more appropriate because Plaintiff Ward was never forced to

10   "endure" anything; his theory is that he was "required to violate public policy" and

11   that he resigned in the face of that purported requirement.  See CACI 2431.

12        In any event, none of these CACI instructions define what constitutes

13   "intolerable conditions."  Absent greater clarification, Defendants will suffer

14   instructional error.  Other than claiming that the proposed instruction is "one-sided

15   in favor of Defendant," Plaintiffs offer no greater specificity concerning their

16   objection.  The reason why is that each element of the proposed instruction is

17   supported by the authorities that Defendants cite.  The instruction should be given as

18   Defendants propose.

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3.
## FAILURE TO PREVENT DISCRIMINATION—PARALLEL CLAIM


Plaintiffs contend that defendants are liable for failing to prevent discrimination.  However, if you find that defendants are not liable for unlawfully discriminating against a plaintiff, you must also find that defendants are not liable for failing to prevent discrimination against that plaintiff.


Authority:  <u>Trujillo v. North County Transit Dist.</u>, 63 Cal. App. 4th 280, 289, 73 Cal. Rptr. 2d 596 (1998).

1

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 3**

2

3          This special instruction is an incomplete statement of law and confusing.

4    This claim is also covered by the "Failure to Prevent Discrimination" Instruction,

5    CACI 2527.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANTS' REPLY RE:  INSTRUCTION NO. 3

2

3        The fact that Plaintiffs' second claim is "covered by" CACI 2527 misses the

4   point of this instruction, which Defendants propose in order to prevent jury

5   confusion.  It is undisputed (based on the parties' summary judgment briefing) that

6   Plaintiffs' second claim cannot possibly succeed if their first claim fails, because a

7   defendant cannot be found liable for failing to prevent discrimination that did not

8   occur.  See also Trujillo v. North County Transit Dist., 63 Cal. App. 4th 280, 289,

9   73 Cal. Rptr. 2d 596 (1998).  Thus, the jury should be instructed on the point,

10  especially as Plaintiffs nowhere recite what is "incomplete" or "confusing" about

11  this proposed instruction.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4.**
**REASONABLE ACCOMMODATION—**
**NO REQUIREMENT TO CREATE POSITION**

5   An employer is only obligated to reassign a disabled employee to another
6   position within the company if there is an existing, vacant, full-time position for
7   which the employee is qualified.  The employer is not required to create a new
8   position to accommodate a disabled worker.
9
10  Authority:  Watkins v. Ameripride Servs., 375 F.3d 821, 828 (9th Cir. 2004).
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 4

2

3          This special instruction is an incomplete statement of law regarding

4    reasonable accommodation and will lead to jury confusion.  The correct instruction

5    for reasonable accommodation is covered in CACI 2542 ("Reasonable

6    accommodations may include the following: a) making the workplace readily

7    accessible to and usable by employees with disabilities; b) changing job

8    responsibilities or work schedules; c) reassigning the employee to a vacant position;

9    d) modifying or providing equipment or devices; e) modifying tests or training

10   materials; f) providing qualified interpreters; or g) providing other similar

11   accommodations for an individuals with a disability").  This instruction is also

12   unduly prejudicial and one-sided in favor of Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANTS' REPLY RE:  INSTRUCTION NO. 4

2

3        As Plaintiffs' own objection reflects, CACI 2542 merely recites what

4   constitutes a "reasonable accommodation."  By contrast, *nowhere* do Plaintiffs

5   propose to instruct the jury on the separate and critical point that an employer need

6   not reassign a disabled employee to another position if there is no existing, vacant,

7   full time position for which the employee is qualified.  Significantly, Plaintiffs do

8   not even attempt to distinguish Watkins v. Ameripride Servs., 375 F.3d 821 (9th Cir.

9   2004), which directly supports that point.  See id. at 828 (under FEHA, "Ameripride

10  was only obligated to reassign Watkins to another position within the company if

11  there were an existing, vacant position for which Watkins was qualified.") (citing

12  Hanson v. Lucky Stores, Inc., 74 Cal. App. 4th 215, 227, 87 Cal. Rptr. 2d 487

13  (1999)).  Therefore, this proposed instruction is hardly "unduly prejudicial and one-

14  sided in favor of Defendant."

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1
2
3

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5.**

**REASONABLE ACCOMMODATION—**

**NO REQUIREMENT TO PROVIDE BEST ACCOMMODATION**

4
5
6
7

Any reasonable accommodation is sufficient to meet an employer's obligations.  The employer need not adopt the most reasonable accommodation, and need not accept the accommodation preferred by the employee.

8
9
10

Authority:  <u>Soldinger v. N.W. Airlines</u>, 51 Cal. App. 4th 345, 370, 58 Cal. Rptr. 2d 747 (1996).

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 5**

2

3      This special instruction is repetitious, confusing, and misleading in so far as it

4  represents a partial statement of law, which unduly favors the Defendants.  The

5  correct instruction is found in CACI 2542 ("If more than one accommodation is

6  reasonable, an employer makes a reasonable accommodation if it selects one of

7  those accommodations in good faith").  This instruction misstates the law.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

**DEFENDANTS' REPLY:  INSTRUCTION NO. 5**

2

3          Nowhere does CACI 2542 instruct the jury that an employer need not adopt

4   the accommodation preferred by the employee.  In addition, the proposed instruction

5   hardly "misstates the law," as Plaintiffs contend.  Instead, the instruction is taken

6   virtually verbatim from the Court of Appeal's opinion in <u>Soldinger v. N.W. Airlines</u>,

7   51 Cal. App. 4th 345, 58 Cal. Rptr. 2d 747 (1996):  "Any reasonable

8   accommodation is sufficient to meet an employer's obligations.  However, the

9   employer need not adopt the most reasonable accommodation nor must the

10  employer accept the remedy preferred by the employee."  <u>Id.</u> at 370.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6.
## WORKERS' COMPENSATION PREEMPTION

Defendants claim that they are not responsible for the industrial injuries that a plaintiff may have suffered because he was defendants' employee and therefore can only recover under California's Workers' Compensation Act.  To succeed, defendants must prove all of the following:

1.  That the plaintiff was defendants' employee;
2.  That defendants were self-insured for workers' compensation claims at the time of the plaintiff's injury; and
3.  That plaintiff's injury occurred while he was performing a task for or related to the work defendants hired him to do.

Any person performing services for another, other than as an independent contractor, is presumed to be an employee.

Authority:  CACI 2800; Gibbs v. Am. Airlines, Inc., 74 Cal. App. 4th 1, 14, 87 Cal. Rptr. 2d 554 (1999) ("[a] defendant need not plead and prove that it has purchased workers' compensation insurance where the plaintiff alleges facts that otherwise bring the case within the exclusive province of workers' compensation law").

1    **PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 6**

2

3        This special instruction is an **incorrect statement of the law** as it violates

4    *City of Moorpark v. Sup. Ct. (Diller)*(1998) 18 Cal.4th 1143, 1156, 77 Cal.Rptr.2d

5    445; and *Bagatti v. Dept. or Rehab.* (2002) 97 Cal.App.4th 344, 368, 118

6    Cal.Rptr.2d 443, 460; CACI 2800 is not intended for use in FEHA cases, which are

7    clearly exempted from Workers Compensation Act preemption.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEFENDANTS' REPLY:  INSTRUCTION NO. 6**

2

3        Although Plaintiffs cite authority for the proposition that a FEHA *claim* may

4   be exempt from the workers' compensation preemption bar, Plaintiffs' purported

5   industrial *injuries* aren't exempt (as argued at length at summary judgment and in

6   connection with Defendants' motions *in limine*).  Defendants have clarified in the

7   proposed instruction that only Plaintiffs' "industrial injuries" would be preempted.

8        Plaintiffs essentially argue that Defendants' affirmative defense of workers'

9   compensation preemption is inapplicable in this case as a matter of law, which is

10  obviously wrong.  Instead, Plaintiffs have argued—and the Court agreed at

11  summary judgment (when denying Defendants' motion)—that workers'

12  compensation preemption is inapplicable *if* Plaintiffs can demonstrate at trial that

13  discriminatory intent was a "substantial factor" in causing each of their industrial

14  injuries.  See also Huffman v. Interstate Brands Cos., 121 Cal. App. 4th 679, 17 Cal.

15  Rptr. 3d 397 (2004).  Plaintiffs have *never* proposed an alternative instruction on

16  this subject, let alone one that incorporates the purportedly applicable "substantial

17  factor" test.  (Again, Defendants contend that evidence of Plaintiffs' injuries is

18  barred as a matter of law because it was the job that caused their injuries, and that

19  allowing Plaintiffs to describe all their injuries to the jury will cause prejudicial

20  evidentiary error.)  Accordingly, the Court should give this instruction as proposed.

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7.**

**AFTER-ACQUIRED EVIDENCE**

Defendants claim they would have discharged Leonard Talton anyway if defendants had known that he had engaged in certain misconduct.  You must decide whether defendants have proved all of the following:

1.  That Leonard Talton engaged in misconduct;

2.  That Leonard Talton's misconduct was sufficiently severe that defendants would have discharged him because of that misconduct alone had defendants known of it; and

3.  That defendants would have discharged Leonard Talton for his misconduct as a matter of settled company policy.

Authority:  CACI 2506.

- 23 -

1

## PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 7

2

3          This instruction relates only to a partial equitable defense as to loss of

4   earnings damages. A special verdict rendered on this instruction is not dispositive

5   but should only be used as an aid to the Court and absent a threshold showing of

6   severity of conduct should not be given. See Use Notes to CACI 2506; *Thompson v.*

7   *Tracor Flight Systems Inc.* (2001) 86 CA 4th 1156, 1172, 104 CR 2d 95; *Murillo v.*

8   *Rite Stuff Foods, Inc.* (1998) 65 Cal.App.4th 833, 842 ("employer must establish that

9   the wrongdoing was of such severity that the employee in fact would have been

10  terminated on those grounds alone…").  In addition, this instruction should be

11  specifically limited to the Plaintiff who Defendant contends it applies to.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANTS' REPLY RE: INSTRUCTION NO. 7

2

3          Defendants have revised this proposed instruction to refer specifically to

4    Leonard Talton.

5          Plaintiffs' contention that the doctrine of after-acquired evidence is only a

6    "partial" defense "as to loss of earnings damages" is simply wrong.  See Camp v.

7    Jeffer, Mangels, Butler & Marmaro, 35 Cal. App. 4th 620, 632, 41 Cal. Rptr. 2d 329

8    (1995) ("In general, the after-acquired-evidence doctrine shields an employer from

9    liability or limits available relief where, after a termination, the employer learns for

10   the first time about employee wrongdoing that would have led to the discharge in

11   any event.").

12         Plaintiffs further suggest that the Court should refrain from giving this

13   instruction because it pertains to an "equitable" defense.  However, to state the

14   obvious, there would be no CACI jury instruction on this subject if it were improper

15   to instruct the jury on it.  In fact, the Use Notes to CACI 2506 reflect that the Court

16   may submit the issue of after-acquired evidence to the jury.  See Thompson v.

17   Tracor Flight Systems, Inc., 86 Cal. App. 4th 1156, 1173, 104 Cal. Rptr. 2d 95

18   (2001) ("The trial court submitted those factual questions to the jury for resolution

19   and then used the resulting special verdict as the basis for concluding appellant was

20   not entitled to equitable reduction of the damages award.").  No case cited in the

21   Use Notes, let alone one referenced by Plaintiffs, stands for the proposition that

22   Defendants must make an offer of proof—a "threshold showing of severity of

23   conduct"—before they may advance their after-acquired evidence affirmative

24   defense at trial.

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

# DEFENDANTS' PROPOSED INSTRUCTION NO. 8.
## ESTOPPEL

Defendants contend that plaintiffs' claims are barred in part by the doctrine of estoppel.  Estoppel bars a plaintiff from taking a position in this proceeding that is inconsistent with a position asserted in a prior workers' compensation proceeding.  You must decide whether defendants have proved all of the following:

1.  That the plaintiff's present position is clearly inconsistent with his original position;

2.  That the plaintiff successfully persuaded the workers' compensation court of the earlier position; and

3.  That allowing the inconsistent position would allow the plaintiff to derive an unfair advantage or impose an unfair detriment on the defendants.

Authority:  <u>Kennedy v. Applause, Inc.</u>, 90 F.3d 1477, 1481 & n.3 (9th Cir. 1996) (plaintiff could not testify at deposition that she was completely disabled, when that contradicted statements on state disability benefit and Social Security Administration claim forms); <u>In re Clawson</u>, 434 B.R. 556, 566 (N.D. Cal. 2010).

1

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 8**

2

3       Estoppel is an equitable defense which is a question for the Court to decide

4  and not a jury question.  Accordingly, the instruction should not be given as it will

5  lead to jury confusion. This is also an incorrect statement of the law and has no

6  application in this case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENDANTS' REPLY RE:  INSTRUCTION NO. 8

2

3      As discussed in Defendants' memorandum of contentions of fact and law,

4   Plaintiffs cannot take positions at trial that are contrary to those advanced in their

5   parallel workers' compensation cases.  Defendants propose to further meet and

6   confer with Plaintiffs on this subject and/or request that the Court rule on their

7   estoppel defense as a matter of law at trial, in response to certain evidence that

8   Plaintiffs may attempt to introduce.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## DEFENDANTS' PROPOSED INSTRUCTION NO. 9.
## RES JUDICATA

3

4    Defendants contend that plaintiffs' claims are barred in part by the doctrine of

5   res judicata, which prevents a plaintiff from pursuing the same claim twice.  To

6   prevail on their res judicata defense, defendants must prove:

7

8    1. the decision as to the plaintiff's claim at issue in a prior workers'

9      compensation proceeding was final and on the merits;

10   2. the claim at issue in the present proceeding is the same as in the prior

11     workers' compensation proceeding; and

12   3. the plaintiff in the present proceeding was the plaintiff in the prior

13     workers' compensation proceeding.

14

15  Authority:  <u>Planning and Conservation League v. Castaic Lake Water Agency</u>, 180

16  Cal. App. 4th 210, 226, 103 Cal. Rptr. 3d 124 (2009).

17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 9**

This is a misstatement of the law in the context of this case and is contrary to California law as set forth in *City of Moorpark v. Sup. Ct. (Diller)*(1998) 18 Cal.4th 1143, 1156, 77 Cal.Rptr.2d 445 and its progeny.  Accordingly it would mislead and confuse the jury.  This instruction does not apply to the facts of this case.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1    **DEFENDANTS' REPLY RE:  INSTRUCTION NO. 9**

2

3         Plaintiffs essentially argue that a prior workers' compensation claim

4    concerning the *identical* injury litigated against the *identical* defendant is wholly

5    irrelevant to their discrimination claims.  But Plaintiffs have never moved to dismiss

6    Defendants' res judicata defense.

7         Defendants submit that Plaintiffs cannot pursue damages for the same injuries

8    twice.  Defendants respectfully refer the Court to the papers submitted in support of

9    their pending motion *in limine* no. 2, and will not further burden the Court on that

10   subject here.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

# DEFENDANTS' PROPOSED INSTRUCTION NO. 10.

## SETTLEMENT AND RELEASE

Defendants contend that the claims brought by January, Valadez and Ward are barred in part because they were settled and released.

To prevail on this defense, defendants must prove that a plaintiff previously entered into a binding contract settling and releasing his claim.

Authority:  <u>Vahle v. Barwick</u>, 93 Cal. App. 4th 1323, 1328-29 (2001) ("[r]elease agreements are governed by the generally applicable law of contracts").

1
2

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 10**

3
4
5
6
7
8

     This instruction misstates the law and would mislead the jury.  See Claxton v. Waters (2004) 34 Cal.4th 367, 376-378, 96 P.3d 496 (standard release in worker's compensation action does not apply to FEHA claims maintained in separate civil action); See also *City of Moorpark v. Sup. Ct. (Diller)*(1998) 18 Cal.4th 1143, 1156, 77 Cal.Rptr.2d 445.  This instruction is also an incorrect statement of the law and does not apply to this case.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

**DEFENDANTS' REPLY RE:  INSTRUCTION NO. 10**

2

3      Here again, Plaintiffs argue that a prior workers' compensation claim

4   concerning the *identical* injury litigated against the *identical* defendant is wholly

5   irrelevant to their discrimination claims.  But Plaintiffs have never moved to dismiss

6   Defendants' settlement and release affirmative defense.

7      Plaintiffs cannot pursue damages for the same injuries twice, especially after

8   entering into a binding written contract releasing liability for the injury or injuries.

9   <u>Claxton v. Waters</u>, 34 Cal.4th 367, 376-78 (2004), is inapposite because Defendants

10  do not contend (and have never contended) that Plaintiffs' entire *claim* (as opposed

11  to their attempt to collect twice for the same *injuries*) is barred by the workers'

12  compensation settlements that the parties entered into.  Defendants respectfully refer

13  the Court to the papers submitted in support of their pending motion *in limine* no. 2,

14  and will not further burden the Court on that subject here.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEFENDANTS' PROPOSED INSTRUCTION NO. 11.
## STATUTE OF LIMITATIONS

Defendants contend that plaintiffs' claims are barred in part by expiration of the applicable limitations period.  A plaintiff alleging discrimination must file a "Complaint of Discrimination" with the California Department of Fair Employment and Housing within one year of the complained of misconduct, and then must file suit within one year of receipt of a "right to sue" letter issued by the Department. Alleged misconduct that occurred more than a year before a plaintiff filed a Complaint of Discrimination with the Department is outside the statute of limitations and is barred.

Authority:  Cal. Gov't Code § 12960; Alch v. Super. Ct., 122 Cal. App. 4th 339, 377, 19 Cal. Rptr. 3d 29 (2004).

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 11**

This is an inappropriate jury instruction as it is a question of law for the Court and not a question of fact for the jury.  Moreover, this instruction misstates the law; As summarized in *Nazir v. United Airlines, Inc.,* 178 Cal. App. 4th 243 (2009) the continuing violation doctrine allows discriminatory conduct more than one year prior to the filing of a DFEH charge to form the basis of a discrimination claim.  See also *Richards v. CH2M Hill, Inc*., 26 Cal.4th 798, 823 (2001); accord, *Dominguez v. Washington Mutual Bank* (2008) 168 Cal.App.4th 714, 721 [85 Cal.Rptr.3d 705].) Accordingly, this instruction is inappropriate and will only serve to mislead and confuse the jury.

1

## DEFENDANTS' REPLY RE:  INSTRUCTION NO. 11

2

3        Plaintiffs concede that they desire to introduce evidence at trial outside the

4   one-year limitations period.  Although Plaintiffs once again assert the applicability

5   of the "continuing violation doctrine," they have *never* proposed a jury instruction

6   on that subject.

7        In any event, Defendants concur that there is no factual dispute for

8   consideration by the jury and that the Court should grant Defendants' pending

9   motion *in limine* no. 6 as a matter of law.  Among other things, Plaintiff Ward's

10   admissions at summary judgment reflect that Plaintiffs cannot possibly satisfy the

11   elements of the "continuing violation doctrine."  Because they cannot do so, all

12   evidence outside the limitations period should be barred at trial, which would render

13   this proposed instruction moot.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1
2

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12.
## UNCLEAN HANDS

3

4      Defendants contend that plaintiff Talton's claim for failure to engage in an
5   interactive process and failure to reasonably accommodate his claimed physical
6   restrictions are barred in their entirety by the doctrine of unclean hands.  To prove
7   the defense of unclean hands, defendants must prove that Talton engaged in conduct
8   that violates conscience, or good faith, or other equitable standards of conduct.

9

10  Authority:  Kendall-Jackson Winery, Ltd. v. Super. Ct., 76 Cal. App. 4th 970, 978,
11  90 Cal. Rptr. 2d 743 (1999); Dickson, Carlson & Campillo v. Pole, 83 Cal. App. 4th
12  436, 446, 99 Cal. Rptr. 678, 686 (2000).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 12

This instruction is an equitable defense not to be decided by jury but by the Court.  See Seller Agency Council Inc. v. Kennedy Center for Real Estate Educ. Inc. (2010) 621 F.3d 981, 986 ("the application of the equitable doctrine of unclean hands is within the discretion of the trial court') and accordingly is an improper, confusing, and one-sided instruction.  This instruction also has no application to this case.

1    **DEFENDANTS' REPLY RE:  INSTRUCTION NO. 12**

2

3        "In California, the doctrine of unclean hands may apply to legal as well as

4    equitable claims."  <u>Camp v. Jeffer, Mangels, Butler & Marmaro</u>, 35 Cal. App. 4th

5    620, 638, 41 Cal. Rptr. 2d 329 (1995).  Accordingly, the defense is applicable to

6    Talton's disability claims.

7        Furthermore, even though it is "equitable" in nature, the Court has discretion

8    to submit Defendants' unclean hands defense to the jury.  <u>See</u> <u>Unilogic, Inc. v.</u>

9    <u>Burroughs Corp.</u>, 10 Cal. App. 4th 612, 621-23, 12 Cal. Rptr. 2d 741 (1992).

10   Defendants respectfully request that the Court submit the unclean hands defense to

11   the jury for determination.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' PROPOSED INSTRUCTION NO. 13.
## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each plaintiff and each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2007 ed.), No. 1.5.

1

## PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 13

2

3          Strike "and each defendant" because there is only one Defendant, American

4   Bottling Company.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' REPLY RE:  INSTRUCTION NO. 13**

      As the caption reflects, Plaintiffs sued multiple entities (none of which actually employed them).  Two other entities appeared on those entities' behalf, and have defended this case since its inception.  Early in the case, Defendants attempted to stipulate to a correction of the caption to remedy Plaintiffs' pleading defect, but Plaintiffs inexplicably refused to do so.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 14.**

**NOMINAL DAMAGES**


The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.


Authority:  Ninth Circuit Manual of Model Civil Jury Instructions (2007 ed.), No. 5.6.

# PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 14

This is an inappropriate instruction.  See *Stachniak v. Hayes* (1993) 989 F.2d 914, 923 ("An instruction on nominal damages is only appropriate to vindicate constitutional rights whose depravation has not caused actual, provable injury.") This instruction is also inappropriate as it unduly and prejudicially favors the Defendants when damage instructions are already covered by the CACI's. Moreover, the application of nominal damages is not appropriate in every case and it is up to the Court to determine whether nominal damages are permitted. See *e.g., Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir.1994) (Section 1983 action), *cert. denied*, 513 U.S. 1148 (1995); *Parton v. GTE North, Inc.*, 971 F.2d 150, 154 (8th Cir.1992) (Title VII action).

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' REPLY RE:  INSTRUCTION NO. 14

Plaintiffs have argued on numerous occasions that the damages available on a discrimination claim are equivalent to those available in tort, and it is axiomatic that a jury can award nominal damages in a tort case.  See, e.g., Staples v. Hoefe, 189 Cal. App. 3d 1397, 1406 (1987); see also Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1227 (10th Cir. 2001) ("The company cites no case law in support of its argument that nominal damages are not available under Title VII, and it fails to explain the numerous Title VII cases (both within this circuit and beyond) in which nominal damages have been awarded.") (collecting cases).  Furthermore, no CACI instruction advises the jury that an award of nominal damages is possible.

This instruction should be given as proposed.

# DEFENDANTS' PROPOSED INSTRUCTION NO. 15.[1]
## DAMAGES ON MULTIPLE LEGAL THEORIES

Plaintiffs Robert Ward, Robert Jones, Jose Valadez, Leonard Talton, Gary Suhay, and Alfonso January seek damages from the defendants under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Defendants are liable to Plaintiff Robert Ward under the following legal theories:

      1.  age discrimination;

      2.  failure to take steps to prevent discrimination; or

      3.  wrongful constructive termination in violation of public policy.

You will be asked to decide whether Defendants are liable to Plaintiff Robert Jones under the following legal theories:

      1.  age discrimination;

      2.  failure to take steps to prevent discrimination or retaliation; or

      3.  retaliation.

You will be asked to decide whether Defendants are liable to Plaintiffs Jose Valadez and Leonard Talton under the following legal theories:

      1.  age discrimination;

---

[1] Defendants propose this instruction on the subject of damages in the alternative to Plaintiffs' own proposed instruction(s).  Defendants do not waive their objections to the presentation of certain evidence on damages—such as Plaintiffs' medical expenses—as explained at further length in, for example, Defendants' pending motions *in limine*.

2. failure to take steps to prevent discrimination or retaliation;

3. failure to engage in a good faith interactive process; or

4. failure to reasonably accommodate a physical condition.

You will be asked to decide whether Defendants are liable to Plaintiffs Gary Suhay and Alfonso January under the following legal theories:

1. age discrimination; or

2. failure to take steps to prevent discrimination or retaliation.

The following items of damages are recoverable only once under all of the above legal theories for each of the Plaintiffs:

1. lost past and future income;

2. past and future medical expenses;

3. mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress.

Authority:  CACI 3934.

## PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 15

This instruction is overbroad and an incorrect statement of law as applied to these facts. Plaintiff Jones has a separate claim for retaliation that is predicated on separate events and facts and would ostensibly have different damages. Similarly, Plaintiffs Talton and Valadez each have claims for failure to accommodate and failure to engage in a good faith interactive process, also predicated on different facts and events and hence subject to separate damages different from those arising from their age discrimination claims.

Moreover, this instruction is misleading and inaccurate in the sense that it directs the jury to find Defendant liable for only one cause of action for each Plaintiff, when it is possible that the jury could find Defendant liable for more than one cause of action for each Plaintiff. Consequently, the instruction should read "under any of the following legal theories" and each theory should be followed with "and/or".

1

## DEFENDANTS REPLY RE:  INSTRUCTION NO. 15

2

3      Plaintiffs tacitly concede that this instruction is appropriate, and Plaintiffs'

4  counsel agreed during the parties' meet and confer that it should be utilized.

5      Rather than simply objecting, Plaintiffs should have offered a counterproposal

6  concerning this instruction.  Absent them doing so, Defendants request that this

7  instruction be given as proposed.

8      However, Defendants note that Plaintiffs are wrong that Plaintiffs Talton's

9  and Valadez's disability claims are independent of their discrimination claims, and

10  that Jones's retaliation claim is independent of his discrimination claim.  For

11  example, Talton may argue that he suffered the same physical injury as a result of

12  failure to reasonably accommodate him, and as a result of alleged age

13  discrimination.  He cannot recover twice for the same injury.

14      Plaintiffs also desire that the instruction be modified to state "under any of the

15  following legal theories," and use "and/or" throughout.  Defendants object to those

16  unwarranted modifications of CACI 3934, which would make the instruction more

17  confusing, not less.

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 16.**

**SUBSTANTIAL FACTOR TEST**

I have just instructed you about the affirmative defense of workers' compensation preemption.  Nonetheless, plaintiffs may avoid preemption of a claimed industrial injury, and recover civil damages for it, if plaintiffs demonstrate that discrimination was a "substantial factor" in causing the industrial injury.  Specifically, the discriminatory conduct must have (1) an effect in producing the injury or harm to regard it as a cause and (2) the discrimination must be more than slight, theoretical, trivial, or negligible to be a substantial factor.

Authority: <u>Huffman v. Interstate Brands Cos.</u>, 121 Cal. App. 4th 679, 696, 17 Cal. Rptr. 3d 397 (2004).

1

**PLAINTIFFS' OBJECTION TO INSTRUCTION NO. 16**

2

3        This special instruction regarding Huffman is a misleading instruction that

4   will confuse the jury.  Moreover, this instruction is already covered by CACI 2500

5   which requires the discriminatory act to be "substantial factor" in causing plaintiff's

6   harm.  Moreover, the court has already determined on multiple occasions that

7   Plaintiff's physical injuries are not barred by the Workers Compensation Exclusivity

8   provision.  Pursuant to the Court's ruling denying Defendants' MIL No.1,

9   Defendants may "obtain an offset of workers' compensation damages already

10  awarded to Plaintiffs."

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## DEFENDANTS REPLY RE:  INSTRUCTION NO. 16

The general instruction concerning disparate treatment claims in CACI 2500 hardly suffices to address the substantial factor test described by this Court as to whether *discriminatory intent* was a substantial factor in causing the specific injuries in dispute.  The substantial factor language in CACI 2500 only addresses whether the *adverse employment action* was a substantial factor in causing the injuries. There is a significant difference between those two showings.  Defendants' proposed jury instruction no. 16 seeks to instruct the jury on the latter.   Defendants only have submitted it because Plaintiffs refused to do so.  Defendants don't waive their argument that evidence of such injuries is barred as a matter of law.

Furthermore, Plaintiffs are wrong that the Court already has determined that Plaintiffs' physical injuries are not barred by the Workers' Compensation Exclusivity provision as a matter of law.  In fact, Plaintiffs' own argument at summary judgment was that the only way for preemption not to apply is if discrimination was a substantial factor in causing each injury they claim. Subsequently, the Court agreed (when denying Defendants' motion), that the jury should decide whether Plaintiffs' injuries escape the workers' compensation bar by virtue of the "substantial factor" test provided in <u>Huffman</u>.

Likewise, Plaintiffs' argument regarding Defendants' ability to obtain an offset of workers' compensation payments already made (which Defendants contend is insufficient) is irrelevant because the offset only pertains to damages, not liability.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

2    DATED:  November 8, 2011      CRONE HAWXHURST LLP

3

4                                   By_____/s/_____

5                                        Gerald E. Hawxhurst
                                         Daryl M. Crone
6                                        Attorneys for Defendants
                                         The American Bottling Company, et al.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28